UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOUTH FERRY LP # 2, et al., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KERRY K. KILLINGER, et al.,

Defendants.

CASE NO. C04-1599C

ORDER

This matter has come before the Court on the remaining defendants' ("Defendants") motion for reconsideration (Dkt. No. 75) of this Court's November 17, 2005 order (Dkt. No. 73) denying Defendants' motion to dismiss (Dkt. No. 65).

CR 7(h) provides that motions for reconsideration are disfavored and will ordinarily be denied in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. Here, Defendants seek to assign error to the Court's citation of the principle that "where allegations of actual knowledge are not necessary, 'it may be inferred that facts critical to a business's core operations or an important transaction are known to a company's key officers.'" *S. Ferry LP # 2 v. Killinger*, No C04-1599C. 2005 WL 3077222, at *15 (W.D. Wash. Nov. 17, 2005) (quoting *In re Northpoint Commc'ns Group, Inc. Sec.*

ORDER – 1

*Litig.*, 184 F. Supp. 2d 991, 998 (N.D. Cal. 2001)).

Defendants argue that the Ninth Circuit in *In re Read-Rite Corp.* disapproved of the drawing of the "core operations" inference. (Defs.' Mot. for Reconsideration 1 (citing *In re Read-Rite Corp. Sec. Litig.*, 335 F.3d 843, 848 (9th Cir. 2003)).) The *Read-Rite* Court stated

> Here, the district court correctly concluded that Plaintiffs did not adequately allege specific particularized facts that support a "strong inference" of scienter on the part of Defendants. Plaintiffs may have established a "reasonable inference" that, based upon their job duties at Read-Rite, Defendants Yansouni and Schwettman "would be aware of the falsity of some or all of the statements."

*Id.* at 848. The Court does not interpret the above statement to categorically reject the "core operations" inference as a way of alleging scienter. Rather, the *Read-Rite* Court appeared to take issue with the lack of specificity and particularity in the underlying facts pled by the plaintiffs in relation to the "core operations" inference. Thus, the Court does not find that *Read-Rite* stands for the proposition that the "core operations" inference can never be a "strong" inference sufficient to satisfy the heightened pleading standard imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. § 78u-4.

In the case at bar, unlike in *Read-Rite*, the Court found that Plaintiffs had made specific particularized allegations about Defendants' job descriptions and job roles, as well as about the importance of the alleged technological problems constituting the "core operation" at issue, sufficient to create a strong inference of scienter. *See S. Ferry*, at *17 (making several specific findings of sufficient particularity and particularly noting the special nature and subject of Defendants' statements). Therefore, the Court finds that *Read-Rite* does not disturb the Court's holding in this case.

Because Defendants have failed to make the required showing of manifest error, their motion for reconsideration is hereby DENIED.

Defendants have moved, in the alternative, for the Court to certify this matter as one warranting immediate appeal pursuant to 28 U.S.C. § 1292(b). A district court may certify an order for interlocutory appeal if the "order involves a controlling issue of law as to which there is substantial ground for

ORDER – 2

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Plaintiffs are directed to respond to Defendants' motion for certification.  Plaintiffs' response, of up to six pages, is due by December 19, 2005.  Defendants' reply in support is due by December 23, 2005.  The motion for certification is hereby noted for consideration on December 23, 2005.

SO ORDERED this <u>6th</u> day of December, 2005.

/s/ John C. Coughenour
_____
UNITED STATES DISTRICT JUDGE

ORDER – 3