THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOUTH FERRY LP #2, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> vs.<br><br>KERRY K. KILLINGER, *et al.*,<br><br>     Defendants. | CASE NO. C04-1599-JCC<br><br>PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS |

WHEREAS, on October 5, 2011, the parties to the above-entitled action (the "Action") entered into a Class Action Settlement Agreement (the "Settlement Agreement") that is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, provides for the settlement and release of all Released Claims against the Defendants and the other Released Parties on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court and Bankruptcy Court Approval by the United States Bankruptcy Court for the District of Delaware;

WHEREAS, on January 6, 2011, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, this Action was certified as a class action on behalf of all persons who purchased the common stock of Washington Mutual, Inc. between April 15, 2003 and June 28,

2004, inclusive, and who were damaged thereby (Dkt. No. 253). Excluded from the Class are Washington Mutual, Inc. and the Individual Defendants; former defendants William W. Longbrake, Craig J. Chapman, James G. Vanasek and Michelle McCarthy; any other officers and directors of WMI during the Class Period; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any of the Defendants or former defendants have or had a controlling interest; and

WHEREAS, the Court having read and considered the Settlement Agreement and the accompanying documents; and the parties to the Settlement Agreement having consented to the entry of this Order; and all capitalized terms used but not defined herein having the meanings defined in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 2nd day of December, 2011 that:

1.      The Court hereby preliminarily approves the Settlement Agreement and the settlement set forth therein (the "Settlement"), subject to further consideration at the Settlement Fairness Hearing described below.

2.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on June 5, 2012, at 9:30 a.m. for the following purposes:

(a)      to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

ORDER, C04-1599-JCC
PAGE - 2

(c)      to determine whether the Final Judgment and Order of Dismissal with Prejudice as provided under the Settlement Agreement should be entered, dismissing the Complaint filed herein on the merits and with prejudice, and to determine whether the release by Lead Plaintiffs and all other Class Members of the Released Claims, as set forth in the Settlement Agreement, should be provided to the Released Parties;

(d)      to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)      to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

(f)      to rule upon such other matters as the Court may deem appropriate.

3.      The Settlement Fairness Hearing may be adjourned by the Court without notice to the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Fairness Hearing or at the scheduled time of any adjournment of the Settlement Fairness Hearing.  The Court may consider modifications of the Settlement (with the consent of Lead Plaintiffs and the Defendants) without further notice to the Class.

4.      The Court reserves the right to approve the Settlement with or without modification without further notice to the Class.  Additionally, the Court reserves the right to approve the Plan of Allocation with or without modification without further notice to the Class. The Court further reserves the right to enter its Final Judgment and Order of Dismissal with Prejudice approving the Settlement Agreement and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

5.      The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively. The deadlines used in those forms must conform with the deadlines established in this order.

6.      The Court approves the appointment of Rust Consulting, Inc. as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before Friday, February 17, 2012, to all Class Members who can be identified with reasonable effort.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased WMI common stock during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed, within seven (7) days of their receipt of the Notice, (a) to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners; or (b) to request additional copies of the Notice and Proof of Claim from the Claims Administrator and within seven (7) days of receipt of the copies of the Notices and Proof of Claim forms from the Claims Administrator to mail the Notice and Proof of Claim to the beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and

Proofs of Claim to beneficial owners.  Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

7.     The Court approves the form of Publication Notice of the pendency of this class action and the proposed Settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Co-Lead Counsel shall cause the Publication Notice to be published in the global edition of *The Wall Street Journal* and to be transmitted over the Global Media Circuit of *Business Wire* within ten (10) days of the mailing of the Notice.  Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

8.     The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Settlement Agreement, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the

Post Office Box indicated in the Notice, postmarked not later than Monday, July 2, 2012.  Such deadline may be further extended by Court Order as to the Class or any subset thereto without further notice to the Class.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Settlement Agreement.

10.     Any member of the Class who does not submit a Proof of Claim form in the manner stated in this Order shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund.  Any such member of the Class, however, in all other respects shall be subject to and bound by all of the terms of the Settlement, including the terms of the Settlement Agreement, the Final Judgment and Order of Dismissal with Prejudice and the releases provided for by the Settlement Agreement and the Final Judgment and Order of Dismissal with Prejudice unless such member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

11.     Class Members shall be permanently bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than Friday, May 4, 2012 to the address designated in the Notice.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class in *South Ferry LP #2 v. Kerry K. Killinger, et al.*, Case No. C04-1599-JCC, and must be signed by such person.  Such persons requesting exclusion are also directed to state:  the date(s), price(s), and number(s) of shares of all purchases and sales of WMI common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12.     Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Settlement Agreement and Notice.

13.     Plaintiffs' Co-Lead Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation and their application for attorneys' fees and reimbursement of expenses by no later than Friday, April 13, 2012.

14.     Any Class Member may be heard and/or appear at the Settlement Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate and why the Final Judgment and Order of Dismissal with Prejudice should not be entered thereon; why the proposed Plan of Allocation should not be approved as fair, reasonable and adequate; or why Plaintiffs' Co-Lead Counsel should not be awarded attorneys' fees and payments of expenses in the amounts sought by Plaintiffs' Co-Lead Counsel; provided, however, that no Class Member shall be heard or be entitled to contest the approval of the terms and conditions of the proposed Settlement, the Final Judgment and Order of Dismissal with Prejudice to be entered, the proposed Plan of Allocation or Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and payment of expenses, unless on or before Friday, May 4, 2012, the Class Member has served by hand or by first-class mail written objections and copies of any supporting papers and briefs (which must contain proof of purchase of WMI shares during the Class Period) upon Lori G. Feldman, Milberg LLP, One Penn Plaza, New York, New York 10119-0165 and William H. Narwold, Motley Rice LLC, One Corporate Center, 20 Church Street, 17th Floor, Hartford, Connecticut  06103 on behalf of the Lead Plaintiffs and the Class; and Steven Caplow, Davis Wright Tremaine LLP, 1201 Third Avenue, Suite 2200, Seattle, Washington  98101-3045 on behalf of the Defendant Thomas W. Casey, Barry M. Kaplan,

Wilson Sonsini Goodrich & Rosati, Professional Corporation, 701 Fifth Avenue, Suite 5100, Seattle, Washington  98104 on behalf of Kerry K. Killinger, and Judith L. Mogul, Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C., 565 Fifth Avenue, New York, New York 10017 on behalf of Defendant Deanna Oppenheimer, and has filed the objections, papers and briefs showing due proof of service upon all counsel identified above with the Clerk of the Court, United States District Court for Western District of Washington at Seattle, U.S. Courthouse, 700 Stewart Street, Seattle, Washington  98101.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

15.     Plaintiffs' Co-Lead Counsel shall submit their papers in response to any objections by no later than Friday, May 25, 2012.

16.     Any Class Member who does not object to the Settlement and/or the Plan of Allocation and/or the adequacy of representation and/or Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses in the manner prescribed in the Notice shall be deemed forever to have waived such objection and shall fully and forever be barred from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Final Judgment and Order of Dismissal with

ORDER, C04-1599-JCC
PAGE - 9

Prejudice to be entered approving the Settlement, the Plan of Allocation, the adequacy of representation or the application by Plaintiffs' Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses or from otherwise being heard concerning these subjects in this or any other proceeding.

17.     Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Party.  Pending the Settlement Fairness Hearing, the Court stays all proceedings in the Action, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

18.     This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not constitute evidence, or an admission by any Defendant or the other Released Parties, that any acts of wrongdoing have or have not been committed and shall not be deemed to create any inference that there is or is not any liability on the part of any Defendant or any other Released Parties.  This Order, the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind or character in the United States or any other country except as necessary to enforce the terms of this Order and/or the Settlement.

19.     As provided in the Settlement Agreement, Plaintiffs' Co-Lead Counsel may pay out of the Gross Settlement Fund without further order of the Court (a) the reasonable fees and

costs associated with identifying Class Members and obtaining relevant information for providing notice to such Class Members; and (b) the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement.

20.     If the Settlement is terminated by: (a) the Individual Defendants pursuant to ¶ 24 of the Settlement Agreement; or (b) Lead Plaintiffs or Defendants pursuant to ¶ 26 of the Settlement Agreement, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed immediately prior to the execution of the Settlement Agreement.

21.     Except as provided in ¶ 37 of the Settlement Agreement, the Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 2nd day of December 2011.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# Exhibit 1
# to Order

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | | |
|---|---|---|
| SOUTH FERRY LP #2, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>KERRY K. KILLINGER, *et al.*,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) | CASE NO. C04-1599 JCC<br><br>**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, MOTION FOR ATTORNEYS' FEES, AND SETTLEMENT FAIRNESS HEARING** |

**If you purchased the common stock of Washington Mutual, Inc. between April 15, 2003 and June 28, 2004, inclusive, and were damaged thereby, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The proposed Settlement[1] will provide a $41.5 million cash settlement fund for the benefit of investors who bought Washington Mutual, Inc. ("WMI") common stock between April 15, 2003 and June 28, 2004, inclusive, and were damaged thereby.

- The Settlement resolves a lawsuit over whether Defendants misled investors about WMI's ability to manage risks inherent in interest-rate fluctuations in its residential mortgage business and thrive during a period of interest rate volatility.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2012** | The only way to get a payment. |

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in that certain Class Action Settlement Agreement (the "Settlement Agreement") by and among Lead Plaintiffs and Defendants, which is available on the website established for the Settlement at ***www.WaMu2004CommonStockLitigation.com***.

| **EXCLUDE YOURSELF BY _____, 2012** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against Defendants and the other Released Parties about the Released Claims. |
|---|---|
| **OBJECT BY _____, 2012** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON _____, 2012** | Ask to speak in Court about the settlement. |
| **DO NOTHING** | Get no payment.  Give up rights. |

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals, if any, are resolved.  Please be patient.

## 1.  SUMMARY OF NOTICE

2.  <u>Statement of Plaintiff Recovery</u>

Pursuant to the proposed Settlement described herein, a Settlement Fund consisting of $41.5 million in cash, plus interest, has been established.  Lead Plaintiffs estimate that there were approximately 297.7 million shares of WMI common stock traded during the Class Period which may have been damaged.  Lead Plaintiffs estimate that the average recovery per damaged share of WMI common stock under the Settlement is approximately $0.14 per damaged share[2] before deduction of Court-awarded attorneys' fees and expenses.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim.  Depending on the number of Proofs of Claim submitted, when during the Class Period a Class Member purchased shares of WMI common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount.  The precise amount of any Class Member's recovery will not be known until all Proofs of Claim have been submitted, reviewed and processed.  See the Plan of Allocation beginning on page [___] for more information on your Recognized Claim.

2.  <u>Statement of Potential Outcome of Case</u>

The parties disagree on both liability and damages with respect to the claims asserted by Lead Plaintiffs against Defendants in the Action, and do not agree on the average amount of damages per share that would be recoverable by Authorized Claimants if the Action were to continue to be

---

[2]     An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

litigated and Lead Plaintiffs were to prevail on each claim alleged.  The issues on which the parties disagree include (a) whether the statements made or facts allegedly omitted were materially false, misleading, or otherwise actionable under the federal securities laws; (b) whether Defendants had the requisite scienter when the statements were made or facts were allegedly omitted; (c) whether loss causation and damages could be established; (d) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of WMI common stock at various times during the Class Period; (e) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the trading price of WMI common stock at various times during the Class Period; (f) the appropriate economic model for determining the amount by which WMI common stock was allegedly artificially inflated (if at all) during the Class Period; (g) the amount by which WMI common stock was allegedly artificially inflated (if at all) during the Class Period; (h) the effect of various market forces influencing the trading price of WMI common stock at various times during the Class Period; and (i) the extent to which external factors, such as general market and industry conditions, influenced the trading price of WMI common stock at various times during the Class Period.  Defendants deny that they are liable to Lead Plaintiffs or any other Class Members and deny that Lead Plaintiffs or any other Class Members have suffered any damages.

3.   Statement of Attorneys' Fees and Costs Sought

Plaintiffs' Counsel are moving the Court to award attorneys' fees in an amount not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $1,000,000.00  The requested attorneys' fees and expenses would amount to an average of approximately $0.05 per damaged share in total for fees and expenses. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery.  In this type of litigation it is customary for counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

4.   Further Information

Further information regarding the Action and this Notice may be obtained by contacting Plaintiffs' Co-Lead Counsel:  Lori G. Feldman, Milberg LLP, One Penn Plaza, New York, New York 10119-0165, Telephone (212) 594-5300; or William H. Narwold, Motley Rice LLC, One Corporate Center, 20 Church Street, 17th Floor, Hartford, Connecticut  06103, Telephone (860) 882-1681.

5.   Reasons for the Settlement

For Lead Plaintiffs, the principal reason for the Settlement is the benefit to be provided to the Class now.  This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

Defendants, who deny all allegations of wrongdoing or liability whatsoever, have agreed to the Settlement solely to avoid the risks, expense, distraction and time associated with continuing the Action.

**[END OF COVER PAGE]**

| WHAT THIS NOTICE CONTAINS |
|---|

**Table of Contents**

**Page**

SUMMARY OF NOTICE .................................................................................2

    Statement of Plaintiff Recovery.................................................................2

    Statement of Potential Outcome of Case ................................................2

    Statement of Attorneys' Fees and Costs Sought.................................3

    Further Information.....................................................................................3

    Reasons for the Settlement.........................................................................3

BASIC INFORMATION.................................................................................6

    1.    Why did I get this notice package?................................................6

    2.    What is this lawsuit about? ..............................................................6

    3.    Why is this a class action? ...............................................................7

    4.    Why is there a settlement? ..............................................................7

WHO IS IN THE SETTLEMENT.................................................................8

    5.    How do I know if I am a Class Member?...................................8

    6.    Are there exceptions to being included?....................................9

    7.    What if I am still not sure if I am included in the Class?............9

THE SETTLEMENT BENEFITS — WHAT YOU GET ..............................9

    8.    What does the Settlement provide?..............................................9

    9.    How much will my payment be? ....................................................9

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM..................10

    10.    How can I get a payment from the Net Settlement Fund?........10

    11.    When would I get my payment? ...................................................10

12.     What am I giving up to get a payment or stay in the Class?......................10

13.     Will the Settlement affect any individual claim that I might have in
        the Chapter 11 Cases?.................................................................................11

EXCLUDING YOURSELF FROM THE SETTLEMENT...........................................................12

14.     How do I get out of the proposed Settlement?.........................................12

15.     If I do not exclude myself, can I sue Defendants and the other
        Released Parties for the same thing later?..................................................12

16.     If I exclude myself, can I get money from the proposed
        Settlement?..................................................................................................13

THE LAWYERS REPRESENTING THE CLASS.......................................................................13

17.     Do I have a lawyer in this case?.................................................................13

18.     How will the lawyers be paid?...................................................................13

OBJECTING TO THE SETTLEMENT .....................................................................................13

19.     How do I tell the Court that I do not like the proposed Settlement? ........13

20.     What is the difference between objecting and excluding?.........................15

THE COURT'S SETTLEMENT FAIRNESS HEARING ...........................................................15

21.     When and where will the Court decide whether to approve the
        proposed Settlement?..................................................................................15

22.     Do I have to come to the hearing? .............................................................15

23.     May I speak at the hearing? .......................................................................15

IF YOU DO NOTHING ...........................................................................................................16

24.     What happens if I do nothing at all? ..........................................................16

GETTING MORE INFORMATION..........................................................................................16

25.     Are there more details about the proposed Settlement?............................16

26.     How do I get more information?.................................................................16

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS
        MEMBERS ..................................................................................................17

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES .......................22

## 2. BASIC INFORMATION

---

**3. Why did I get this notice package?**

---

You or someone in your family may have purchased the common stock of Washington Mutual, Inc. ("WMI") between April 15, 2003 and June 28, 2004, inclusive, and been damaged thereby.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed Settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals, if any, are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Western District of Washington at Seattle, and the case is known as *South Ferry LP #2 v. Kerry K. Killinger, et al.*, Master File No. C04-1599 JCC (the "Action"). The Action was assigned to United States District Judge John C. Coughenour. The people who sued are called Lead Plaintiffs, and the company and the persons they sued are called Defendants.

The Defendants are WMI, Kerry K. Killinger ("Killinger") (Chairman of the Board of Directors, President, and Chief Executive Officer of WMI during the Class Period), Thomas W. Casey ("Casey") (Executive Vice President, Chief Financial Officer, member of the Executive Committee and President's Counsel during the Class Period), and Deanna W. Oppenheimer ("Oppenheimer") (President of the Consumer Group and an executive management team member during the Class Period) (Killinger, Casey, and Oppenheimer are, collectively, the "Individual Defendants").

On September 26, 2008, WMI filed for voluntary bankruptcy pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). WMI's chapter 11 case is overseen by the Bankruptcy Court and is jointly administered with the bankruptcy case of WMI Investment Corp. as *In re Washington Mutual, Inc.*, Case No. 08-12229 (MFW) (Bankr. D. Del.) (collectively, the "Chapter 11 Cases"). The Action is currently stayed against WMI pursuant to the Bankruptcy Code. The Settlement is conditioned on, among other things, entry of the Bankruptcy Court Approval Order by the Bankruptcy Court.

---

**4. What is this lawsuit about?**

---

WMI maintained a mortgage lending business until its bankruptcy, and was the second-largest mortgage loan originator in the United States by April of 2003.

Beginning in July 2004, a number of securities fraud class actions were filed in this Court. By Order dated November 30, 2004, those actions were consolidated into the Action. South Ferry LP #2 ("South Ferry"), Metzler Investment GmbH ("Metzler"), and Walden Management

Company Pension Plan ("Walden") were designated lead plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Milberg LLP (then known as Milberg Weiss Bershad & Schulman LLP) was appointed Lead Counsel.

On March 1, 2005, South Ferry, Metzler, and Walden filed the Consolidated Amended Complaint (the "Complaint") alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.  Specifically, the Complaint alleged that, between April 15, 2003, and June 28, 2004, WMI, Killinger, Casey, Oppenheimer, William W. Longbrake ("Longbrake"), Craig J. Chapman ("Chapman"), and James G. Vanasek ("Vanasek") made false and misleading statements that (1) WMI had successfully integrated the various technology platforms and operational processes from certain recent acquisitions, and (2) WMI was well-positioned to withstand market changes in interest rates because of its hedging operations and the natural counterbalance of its risk.

The lawsuit seeks money damages against Defendants for violations of the federal securities laws.  Defendants deny all allegations of misconduct contained in the Complaint, and deny having engaged in any wrongdoing whatsoever.

| 5.   Why is this a class action? |
| --- |

In a class action, one or more people called class representatives (in this case Walden) sue on behalf of people who have similar claims.  All these people are a class or class members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions.  One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 6.   Why is there a settlement? |
| --- |

On May 17, 2005, WMI, Killinger, Casey, Oppenheimer, Longbrake, Chapman, and Vanasek moved to dismiss the Complaint.  On November 17, 2005, this Court granted in part and denied in part the motion to dismiss, dismissing the claims against Longbrake, Chapman and Vanasek, but holding as to the remaining defendants that plaintiffs had adequately pleaded their claims. *South Ferry LP #2 v. Killinger*, 399 F. Supp. 2d 1121 (W.D. Wash. 2005).[3]

On December 2, 2005, the Defendants filed a motion for reconsideration of the denial of the motion to dismiss, or, in the alternative, for a certificate of appealability under 28 U.S.C. § 1292(b).  On December 6, 2005, this Court denied the motion for reconsideration.  On March 6, 2006, this Court issued an order granting the motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  All lower court proceedings were stayed by the Court due to the appeal.  The Defendants filed a motion with the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") seeking permission to appeal, and the Ninth Circuit granted that motion on June 15, 2006.

---

[3]     In its November 17, 2005 Order, the Court dismissed claims on behalf of those who sold put options during the Class Period, and South Ferry's claims were based on the sale of put options. Accordingly, South Ferry withdrew as a lead plaintiff on March 15, 2010 [Dkt. No. 206] and was terminated from the Action on March 17, 2010.

On February 3, 2006, the Defendants filed an answer to the Complaint (the "Answer").  The Defendants denied, and continue to deny, all charges of wrongdoing or liability against them arising out of the conduct, statements, acts or omissions alleged or that could have been alleged in the Complaint.  In their Answer, the Defendants also asserted a number of affirmative defenses, including that the Complaint failed to state a claim against them; that the statements or omissions attributed to the Defendants were not actionable under the federal securities laws and did not cause injury to the plaintiffs; and that the Defendants acted in good faith.

Metzler filed an unopposed motion seeking appointment of Motley Rice LLC as Plaintiffs' Co-Lead Counsel on September 12, 2006.  On December 18, 2006, the Court issued an order granting this motion and appointed Motley Rice LLC as Plaintiffs' Co-Lead Counsel.

After extensive appellate briefing, the Ninth Circuit held oral argument on April 8, 2008.  On September 9, 2008, the Ninth Circuit vacated the scienter portion of this Court's November 17, 2005 Order and remanded the case for further proceedings.  *South Ferry LP #2 v. Killinger*, 542 F. 3d 776 (9th Cir. 2008).

Following remand, the parties filed additional briefs, and on October 1, 2009, the Court reaffirmed its earlier motion to dismiss order.  *South Ferry LP #2 v. Killinger*, 687 F. Supp. 2d 1248 (W.D. Wash. 2009).

From January 2010 to January 2011, the parties engaged in fact discovery.

On March 22, 2010, Lead Plaintiffs moved the Court for an order certifying the Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  By Order dated January 6, 2011, the Court granted Plaintiffs' motion for class certification.  The Court's Order also certified Walden as Class Representative, but denied certification of Metzler as a class representative.

Pursuant to formal pretrial discovery, Lead Plaintiffs obtained from Defendants and various non-parties approximately 660,000 documents relating to matters at issue in the Action, which Plaintiffs' Co-Lead Counsel were in the process of reviewing and analyzing.

The Court did not decide in favor of Lead Plaintiffs or Defendants.  Instead, both sides, with the assistance of David Geronemus of JAMS acting as a mediator, agreed to a Settlement.  That way, they avoid the risks and cost of a trial.  Lead Plaintiffs and their attorneys think the Settlement is best for the Class.

## 7.   WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

| 8.   How do I know if I am a Class Member? |
| --- |

The Court decided that everyone who fits the following description is a Class Member:  All persons who purchased the common stock of Washington Mutual, Inc. between April 15, 2003 and June 28, 2004, inclusive, and who were damaged thereby.

| 9.   Are there exceptions to being included? |
|---|

Excluded from the Class are WMI and the Individual Defendants; former defendants William W. Longbrake, Craig J. Chapman, James G. Vanasek and Michelle McCarthy; any other officers and directors of WMI during the Class Period; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any of the Defendants or former defendants have or had a controlling interest.

If one of your mutual funds purchased shares of WMI common stock during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you directly purchased shares of WMI common stock during the Class Period.  Check your investment records or contact your broker to see if you purchased WMI common stock during the Class Period.

If you **sold** WMI common stock during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you **purchased** your shares during the Class Period.

| 10. What if I am still not sure if I am included in the Class? |
|---|

If you are still not sure whether you are included, you can ask for free help.  You can call (877) 310-0495 toll free or visit ***www.WaMu2004CommonStockLitigation.com*** for more information.  Or you can fill out and return the Proof of Claim form described on page [___], in question 10, to see if you qualify.

## 11. THE SETTLEMENT BENEFITS — WHAT YOU GET

| 12. What does the Settlement provide? |
|---|

Pursuant to the terms of the Settlement Agreement, Lead Plaintiffs, on behalf of themselves and the Class, have agreed to settle and release all "Released Claims" (as defined below), including the Bankruptcy Claims in the Chapter 11 Cases, against the Defendants and the other "Released Parties" (as defined below) in exchange for a total of $41.5 million in cash (the "Cash Settlement Amount").  The Settlement Agreement further provides that the Cash Settlement Amount, plus interest earned thereon, will be divided, after the deduction of legal fees and expenses approved by the Court and other expenses of administering the Settlement, among all Class Members who send in valid Proof of Claim forms.

In addition, if the Effective Date of the Settlement occurs, the Bankruptcy Claims filed in the Bankruptcy Court on behalf of Walden, Metzler, and the Class will be withdrawn, with prejudice, in their entirety.

| 13. How much will my payment be? |
|---|

Your share of the Net Settlement Fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of WMI

common stock you bought, how much you paid for them, and when you bought and whether or when you sold them, and if so for how much you sold them.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation.  It is unlikely that you will get a payment for the full amount of your Recognized Claim.  After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims.  *See* the Plan of Allocation beginning on page [___] for more information on your Recognized Claim.

### 14. HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM

| 15. How can I get a payment from the Net Settlement Fund? |
| --- |

To qualify for a payment, you must send in a Proof of Claim form.  A Proof of Claim form is being circulated with this Notice.  You may also get a Proof of Claim form on the Internet at ***www.WaMu2004CommonStockLitigation.com***.  Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____**, 2012**.

| 16. When would I get my payment? |
| --- |

The Court will hold a hearing on _____**, 2012**, to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 17. What am I giving up to get a payment or stay in the Class? |
| --- |

Unless you exclude yourself, you are staying in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" (as defined below) against the "Released Parties" (as defined below).

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims; whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, whether at law or in equity, matured or un-matured, whether class or individual in nature (i) that have been asserted in this Action or in the Chapter 11 Cases against any of the Released Parties relating to the purchase or sale of WMI common stock during the Class Period, including, without limitation, the Bankruptcy Claims, or (ii) that could have been asserted in the Action or the Chapter 11 Cases or in any forum against any of the Released Parties arising out of or based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase or sale of WMI common stock during the Class Period.  For the avoidance of doubt, nothing contained herein shall be deemed to release, bar, waive, impair or otherwise

impact:  (1) any claims to enforce the Settlement and the transactions required pursuant to the Settlement; (2) any claims belonging to the Debtors, their current affiliates or their successors in interest or otherwise asserted by the Debtors, their current affiliates or their successors in interest against any other Released Party, or any Released Party's defenses, counterclaims or claims for indemnification, if any—other than claims for indemnification with respect to payments made to defend or settle the Action—with respect thereto; (3) claims by any Released Party against the Debtors in the Chapter 11 Cases, including indemnification claims—other than claims for indemnification with respect to payments made to defend or settle the Action—or the Debtors' defenses and counterclaims with respect thereto; provided, however, that, to the extent that any Contributing Carriers claim subrogation rights against the Debtors on the basis of the Released Parties' indemnification claims, all such claims and the Debtors' defenses with respect thereto are expressly preserved; (4) except to the extent released pursuant to the settlement agreement in the class action styled *In re Washington Mutual, Inc. ERISA Litigation*, Lead Case No. 07-cv-1874 (W.D. Wash.), claims, if any, by any Class Member against the Released Parties arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") that are separate and do not arise from or relate to the claims asserted in the Action; (5) claims by any Class Member individually in the Chapter 11 Cases based solely upon such Class Member's status as a holder or beneficial owner (as opposed to a purchaser) of any WMI debt or equity security with respect to their right to participate in the distribution of funds in the Chapter 11 Cases upon confirmation of a chapter 11 plan or otherwise solely to the extent that such distribution is being made on account of such security and not in any way arising from or related to being a Class Member; or (6) any Class Member's right to participate in the distribution of any funds recovered from any of Defendants by any governmental or regulatory agency.

"Released Parties" means WMI, the Individual Defendants, Chapman, Longbrake, Vanasek, McCarthy and any and all of their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, auditors, accountants, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which WMI, the Individual Defendants or Longbrake, Chapman, McCarthy and Vanasek has or has had a controlling interest or which was or is related to or affiliated with WMI or any of the Individual Defendants, and the legal representatives, marital communities, heirs, successors in interest or assigns of any of the foregoing.  For the avoidance of doubt, notwithstanding the designation of a party as a "Released Party," the Settlement Agreement only operates to release the Released Party from a claim, counterclaim or defense that is a Released Claim.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal, and all of the other conditions to effectiveness contained in paragraph 25 of the Settlement Agreement have occurred.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

| 18. | Will the Settlement affect any individual claim that I might have in the Chapter 11 Cases? |
|---|---|

If the Effective Date of the Settlement occurs, Class Members will release only the Released Claims, including the Bankruptcy Claims filed in the Chapter 11 Cases by Lead Plaintiffs individually and on behalf of the Class.  The Settlement shall not in any way release, impair, or otherwise impact any claim or right to recovery of any Class Member individually in the Chapter 11 Cases based solely upon his, her, or its status as a holder (as opposed to a purchaser) or beneficial owner of a WMI debt or equity security with respect to the rights to participate in the distribution of funds in the Chapter 11 Cases upon confirmation of a chapter 11 plan or otherwise solely to the extent that such distribution is being made on account of such debt or equity security and not in any way arising from or related to being a Class Member.

## 19. EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants and the other Released Parties, on your own, about the Released Claims, then you must take steps to get out.  This is called excluding yourself — also sometimes referred to as "opting out" of the Class.  The Individual Defendants may withdraw from and terminate the Settlement if putative Class Members who purchased in excess of a certain amount of WMI common stock exclude themselves from the Class.

| 20. How do I get out of the proposed Settlement? |
| --- |

To exclude yourself from the Class , you must send a signed letter by mail stating that you "request exclusion from the Class in *South Ferry LP #2 v. Kerry K. Killinger, et al.*, Master File No. C04-1599 JCC."  Your letter should state the date(s), price(s), and number(s) of shares of all your purchases and sales of WMI common stock during the Class Period.  In addition, be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request postmarked no later than _____, **2012** to:

WaMu 2004 Common Stock Litigation
EXCLUSIONS
c/o Rust Consulting, Inc., Claims Administrator
Post Office Box 2493
Faribault, MN  55021-9193

You cannot exclude yourself by telephone or by e-mail.  If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) Defendants and the other Released Parties in the future.

| 21. If I do not exclude myself, can I sue Defendants and the other Released Parties for the same thing later? |
| --- |

No.  Unless you exclude yourself from the Class, you give up any rights to sue the Defendants and the other Released Parties for any and all Released Claims.  If you have a pending lawsuit speak to your lawyer in that case immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2012**.

| 22. If I exclude myself, can I get money from the proposed Settlement? |
|---|

No.  If you exclude yourself, do not send in a Proof of Claim form to ask for any money.  But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Parties.

## 23. THE LAWYERS REPRESENTING THE CLASS

| 24. Do I have a lawyer in this case? |
|---|

The Court ordered that the law firm of Milberg LLP in New York, NY and Motley Rice LLC in Hartford, CT will represent the Class.  These lawyers are called Plaintiffs' Co-Lead Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Co-Lead Counsel's fees and expenses, which will be paid from the Gross Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 25. How will the lawyers be paid? |
|---|

Plaintiffs' Co-Lead Counsel are moving the Court to award attorneys' fees from the Gross Settlement Fund in an amount not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $1,000,000.00 plus interest on such expenses at the same rate as earned by the Settlement Fund.

The motion for attorneys' fees will be submitted on behalf of Plaintiffs' Co-Lead Counsel and the following additional Plaintiffs' Counsel:  Law Offices of Clifford A. Cantor, P.C., 627 208th Ave. SE, Sammamish, Washington  98074-7033; Bull & Lifshitz, LLP, 18 East 41st Street, 11th Floor, New York, New York  10017; Kahn Swick & Foti, LLC, 206 Covington Street , Madisonville, Louisiana  70447; and Sturman LLC, 112 Madison Ave, 7th Floor, New York, New York  10016-7416.

Plaintiffs' Co-Lead Counsel, without further notice to the Class, will subsequently apply to the Court for payment of the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the Settlement and distributing the Net Settlement Fund to the members of the Class.

## 26. OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 27. How do I tell the Court that I do not like the proposed Settlement? |
|---|

If you are a Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation and/or the application by Plaintiffs' Co-Lead Counsel for an award of fees and expenses.  You may write to the Court setting out your objection.  You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements.  The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement in *South Ferry LP #2 v. Kerry K. Killinger, et al.*, Master File No. C04-1599 JCC. Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases and sales of WMI common stock that you made during the Class Period, and state the reasons why you object to the Settlement.  Your objection must be filed with the Court and served on all the following counsel on or before _____, **2012**:

**COURT:**

Clerk of the Court
United States District Court for the Western District of Washington at Seattle
U.S. Courthouse
700 Stewart Street
Seattle, WA  98101

**PLAINTIFFS' CO-LEAD COUNSEL:**

Lori G. Feldman
Milberg LLP
One Penn Plaza
New York, NY  10119-0165

William H. Narwold
Motley Rice LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT  06103

**FOR DEFENDANTS:**

Steven Caplow
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
**Counsel for Defendant Thomas W. Casey**

Barry M. Kaplan
Wilson Sonsini Goodrich & Rosati,
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA  98104

**Counsel for Defendant Kerry K. Killinger**

Judith L. Mogul
Morvillo, Abramowitz, Grand, Iason,
Anello & Bohrer, P.C.
565 Fifth Avenue
New York, NY  10017

**Counsel for Defendant Deanna W. Oppenheimer**

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court.  At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question 19 and question 23 below for filing with the Court and providing to the counsel for Plaintiffs and Defendants a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Plaintiffs' Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses.  Any such objector may

appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Hearing.

| 28. What is the difference between objecting and excluding? |

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object to the Settlement because the Settlement no longer affects you.

## 29. THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

| 30. When and where will the Court decide whether to approve the proposed Settlement? |

The Court will hold a Settlement Fairness Hearing at ___:_____ __.m. on ____day, _____, 2012, at the United States District Court for the Western District of Washington at Seattle, U.S. Courthouse, 700 Stewart Street, Seattle, Washington  98101. At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. At the Settlement Fairness Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Plaintiffs' Co-Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 19. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 23 for more information about speaking at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Plaintiffs' Co-Lead Counsel before coming to be sure that the date and/or time has not changed. Please note that the Court may modify the proposed Settlement or the proposed Plan of Allocation without further notice to the Class.

| 31. Do I have to come to the hearing? |

No. Plaintiffs' Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 32. May I speak at the hearing? |

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see question 19 above) a

statement stating that it is your "Notice of Intention to Appear in *South Ferry LP #2 v. Kerry K. Killinger, et al.*, Master File No. C04-1599 JCC."  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Unless otherwise ordered by the Court, you cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 19 and 21 above.

## 33. IF YOU DO NOTHING

| 34. What happens if I do nothing at all? |
| --- |

If you do nothing, you will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Parties about the Released Claims, ever again.  To share in the Net Settlement Fund you must submit a Proof of Claim form (see question 10).  To start, continue or be a part of any other lawsuit against the Defendants and the other Released Parties about the Released Claims you must exclude yourself from this Class (see question 14).

## 35. GETTING MORE INFORMATION

| 36. Are there more details about the proposed Settlement? |
| --- |

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement by visiting *www.WaMu2004CommonStockLitigation.com* or by writing to Lori G. Feldman, Milberg LLP, One Penn Plaza, New York, New York 10119-0165 or to William H. Narwold, Motley Rice LLC, One Corporate Center, 20 Church Street, 17th Floor, Hartford, Connecticut  06103.

You also can call the Claims Administrator toll free at (877) 310-0495; write to WaMu 2004 Common Stock Litigation, c/o Rust Consulting, Inc., Claims Administrator, Post Office Box 2493, Faribault, MN  55021-9193; or visit the website at *www.WaMu2004CommonStockLitigation.com*, where you will find answers to common questions about the Settlement, a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  Plaintiffs' Counsel anticipate filing their papers in support of the Settlement, Plan of Allocation and their application for an award of fees and reimbursement of expenses with the Court and posting their submission on the website by _____, 2012.

| 37. How do I get more information? |
| --- |

For even more detailed information concerning the matters involved in this Action, you may refer to the pleadings, to the Settlement Agreement, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United

States District Court for the Western District of Washington at Seattle, U.S. Courthouse, 700 Stewart Street, Seattle, Washington  98101, during regular business hours.

## 38. PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $41,500,000 Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund.  The Gross Settlement Fund, less all taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who file acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim" from purchases of WMI common stock during the Class Period from April 15, 2003 through June 28, 2004, inclusive.

The following proposed Plan of Allocation reflects the Lead Plaintiffs' proposition that the decreases in the price of WMI common stock occurring upon the revelations made on September 9, 2003, December 9, 2003, June 2, 2004 and June 28, 2004 reflected the elimination of artificial inflation that Defendants' alleged misrepresentations caused.

On September 8, 2003, WMI's common stock closed at $39.70 per share.  On September 9, 2003, following pre-close announcements, WMI's common stock closed at $38.86 per share, a $0.84 drop.  Part of this drop may be explained by the drop in the price of WMI's peer companies, so $0.81 of the drop is "recognized" under the Plan.  The reaction continued on September 10, 2003 as the price declined another $1.67 to close at $37.19. Again, because peer companies stock declined on this day, $1.27 of WMI's price decline will be recognized in the Plan.

On December 8, 2003, WMI's common stock closed at $43.85 per share.  On the next day, December 9, 2003, and following the announcement, WMI's common stock closed at $39.97 per share, a $3.88 drop. Because the stock price of WMI's peer companies also dropped, $3.63 of this drop will be recognized.  The reaction continued on December 10, 2003 as the price declined another $1.40 to close at $38.57. Again, because WMI's peer companies stock declined on this day, $1.31 of WMI's price decline will be recognized in the Plan.

On June 1, 2004, WMI's common stock closed at $42.99 per share.  On June 2, 2004, following a pre-close announcement, WMI's common stock closed at $41.43 per share, a $1.56 drop.  Part of this decline could be attributed to a separate announcement by HSBC Bank dampening expectations that HSBC might be interested in acquiring WMI, so $0.37 of this price decline will be recognized under the Plan.

On June 28, 2004, WMI's common stock closed at $41.31 per share.  On June 29, 2004, following an announcement made after the close of trading on June 28, WMI's common stock closed at $38.47 per share, a $2.84 drop.  Again, because WMI's peer companies stock declined on this day, $2.71 of WMI's price decline will be recognized in the Plan.

During the 90 day period following the end of the Class Period, ending on September 24, 2004, the average trading price of WMI common stock, measured at the daily closing prices, was

$38.8956 per share. "Recognized Claims" will be calculated for purposes of the Settlement as follows:

39. For shares of WMI common stock purchased during the period April 15, 2003 through September 8, 2003, inclusive, and

40. Sold on or before September 8, 2003, an Authorized Claimant shall have zero ($0.00) "Recognized Claim."

41. Sold at a loss[4] on September 9, 2003, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $0.81 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

42. Sold at a loss during the period September 10, 2003 through and including December 8, 2003, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $2.08 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

43. Sold at a loss on December 9, 2003, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $5.71 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

44. Sold at a loss during the period December 10, 2003 through and including June 1, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $7.02 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

45. Sold at a loss during the period June 2, 2004 through and including June 28, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $7.39 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

46. Sold at a loss during the period June 29, 2004 through and including September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $10.10 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

47. Held at the close of trading on September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $10.10 per share, or (b) the purchase price (including commissions, etc.) less $38.8956 per share.

48. For shares of WMI common stock purchased on September 9, 2003, and

49. Sold on or before September 9, 2003, an Authorized Claimant shall have zero ($0.00) "Recognized Claim."

50. Sold at a loss during the period September 10, 2003 through and including December 8, 2003, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $1.27 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

---

[4]     Any WMI shares sold at a gain shall have zero ($0.00) Recognized Claim.  WMI shares purchased during the Class Period for less than $38.8956 per share and still held at the close of trading on September 24, 2004 shall have zero ($0.00) Recognized Claim.

51. Sold at a loss on December 9, 2003, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $4.90 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

52. Sold at a loss during the period December 10, 2003 through and including June 1, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $6.21 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

53. Sold at a loss during the period June 2, 2004 through and including June 28, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $6.58 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

54. Sold at a loss during the period June 29, 2004 through and including September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $9.29 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

55. Held at the close of trading on September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $9.29 per share, or (b) the purchase price (including commissions, etc.) less $38.8956 per share.

56. For shares of WMI common stock purchased during the period September 10, 2003 through December 8, 2003, inclusive, and

57. Sold on or before December 8, 2003, an Authorized Claimant shall have zero ($0.00) "Recognized Claim."

58. Sold at a loss on December 9, 2003, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $3.63 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

59. Sold at a loss during the period December 10, 2003 through and including June 1, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $4.94 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

60. Sold at a loss during the period June 2, 2004 through and including June 28, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $5.31 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

61. Sold at a loss during the period June 29, 2004 through and including September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $8.02 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

62. Held at the close of trading on September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $8.02 per share, or (b) the purchase price (including commissions, etc.) less $38.8956 per share.

63. For shares of WMI common stock purchased on December 9, 2003, and

64. Sold on or before December 9, 2003, an Authorized Claimant shall have zero ($0.00) "Recognized Claim."

65. Sold at a loss during the period December 10, 2003 through and including June 1, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $1.31 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

66. Sold at a loss during the period June 2, 2004 through and including June 28, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $1.68 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

67. Sold at a loss during the period June 29, 2004 through and including September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $4.39 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

68. Held at the close of trading on September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $8.02 per share, or (b) the purchase price (including commissions, etc.) less $38.8956 per share.

69. For shares of WMI common stock purchased during the period December 10, 2003 through June 1, 2004, inclusive, and

70. Sold on or before June 1, 2004, an Authorized Claimant shall have zero ($0.00) "Recognized Claim."

71. Sold at a loss during the period June 2, 2004 through and including June 28, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $0.37 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

72. Sold at a loss during the period June 29, 2004 through and including September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $3.08 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

73. Held at the close of trading on September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $3.08 per share, or (b) the purchase price (including commissions, etc.) less $38.8956 per share.

74. For shares of WMI common stock purchased during the period June 2, 2004 through June 28, 2004, inclusive, and

75. Sold on or before June 28, 2004, an Authorized Claimant shall have zero ($0.00) "Recognized Claim."

76. Sold at a loss during the period June 29, 2004 through and including September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of: (a) $2.71 per share, or (b) the purchase price (including commissions, etc.) less the sales proceeds received (net of commissions, etc.).

2.   Held at the close of trading on September 24, 2004, an Authorized Claimant's "Recognized Claim" shall mean the lesser of:  (a) $2.71 per share, or (b) the purchase price (including commissions, etc.) less $38.8956 per share.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim compared to the Total Recognized Claims of all accepted claimants.  Every Authorized Claimant with a valid Recognized Claim shall receive a distribution amount of at least $10.00.

Class Members who do not submit acceptable Proofs of Claim will not share in the settlement proceeds.  Class Members who do not either submit a request for exclusion or submit an acceptable Proof of Claim will nevertheless be bound by the judgment and the Settlement.

In the event a Class Member has more than one purchase or sale of WMI common stock during the Class Period, all Class Period purchases and Class Period sales shall be matched on a First In First Out ("FIFO") basis.  A purchase or sale of WMI common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The grant by gift, devise or operation of law of WMI common stock during the Class Period shall not be deemed a purchase or sale of WMI common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.  The receipt of WMI common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of WMI common stock.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution.  If six months after such re-distribution, funds in excess of $100,000 remain in the Cash Settlement Accounts, then such funds shall be further re-distributed to Authorized Claimants who have cashed their most recent re-distribution and who would receive at least $10.00 from such further re-distribution, after payment of any unpaid costs or fees incurred in administering the Cash Settlement Accounts for such re-distribution. The redistributions shall continue until less than $100,000 remains, after which such balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) to be designated by Plaintiffs' Co-Lead Counsel.

Plaintiffs, Defendants, their respective counsel, and the Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### 3.   SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased the common stock of Washington Mutual, Inc. between April 15, 2003 and June 28, 2004, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased WMI common stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of that WMI common stock.  If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Gross Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners.  Those expenses will be paid upon request and submission of appropriate supporting documentation.  All communications concerning the foregoing should be addressed to the Claims Administrator:

WaMu 2004 Common Stock Litigation<br>
c/o Rust Consulting, Inc.<br>
Claims Administrator<br>
Post Office Box 2493<br>
Faribault, MN  55021-9193<br>
(877) 310-0495

Dated:          Seattle, Washington
               _____, 2012

                                         By Order of the Court
                                         CLERK OF THE COURT

# Exhibit 2
# to Order

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | | |
|---|---|---|
| SOUTH FERRY LP #2, individually and on behalf of all others similarly situated, | ) ) ) | CASE NO. C04-1599-JCC |
| Plaintiff, | ) ) | **PROOF OF CLAIM AND RELEASE** |
| vs. | ) ) | |
| KERRY K. KILLINGER, *et al.*, | ) ) | |
| Defendants. | ) ) | |

DEADLINE FOR SUBMISSION: _____, **2012**.

IF YOU PURCHASED THE COMMON STOCK OF WASHINGTON MUTUAL, INC. BETWEEN APRIL 15, 2003 AND JUNE 28, 2004, INCLUSIVE ("CLASS PERIOD")[5], AND WERE DAMAGED THEREBY, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

Excluded from the Class are Washington Mutual, Inc. and the Individual Defendants; former defendants William W. Longbrake, Craig J. Chapman, James G. Vanasek and Michelle McCarthy; any other officers and directors of WMI during the Class Period; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any of the Defendants or former defendants have or had a controlling interest.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, **2012** TO THE FOLLOWING ADDRESS:

WaMu 2004 Common Stock Litigation
c/o Rust Consulting, Inc.
Claims Administrator
Post Office Box 2493
Faribault, MN  55021-9193

---

[5]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, **2012** WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

<u>CLAIMANT'S STATEMENT</u>

1.      I affirm that I purchased the common stock of Washington Mutual, Inc. ("WMI") between April 15, 2003 and June 28, 2004, inclusive.  (Do not submit this Proof of Claim if you did not purchase WMI common stock during this period).

2.      By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I have not filed a request for exclusion.  (If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.      I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim.  I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.       I have set forth where requested below all relevant information with respect to each purchase of WMI common stock during the Class Period, and each sale, if any, of such securities.  I agree to furnish additional information (including transactions in other WMI securities) to the Claims Administrator to support this claim if requested to do so.

5.       I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of WMI common stock listed below in support of my claim.  IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.  IF YOU HAVE QUESTIONS ABOUT WHAT TYPES OF DOCUMENTS SUFFICE TO SUPPORT A CLAIM, PLEASE CONTACT THE CLAIMS ADMINISTRATOR AT (877) 310-0495.

6.       I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim.  In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7.       I hereby acknowledge that, upon the occurrence of the Effective Date, by operation of law, I on behalf of myself and on behalf of my heirs, executors, administrators, predecessors, successors, and assigns (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, I on behalf of it, him, her or them and on behalf of its, his, her or their heirs, executors, administrators, predecessors, successors,

and assigns) shall fully and forever release, remise and discharge each of the "Released Parties" of all "Released Claims," as defined in the Notice.

8.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in the form of electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at (877) 310-0495 or visit their website at ***www.WaMu2004CommonStockLitigation.com*** to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

9.      Statement of Claim

CLAIMANT IDENTIFICATION

_____ / _____
Beneficial Owner's Name (First, Middle, Last)  / Joint Owner's Name

_____
Street Address

_____          _____          _____
City                                          State                    Zip Code

_____   _____
Foreign Province                     Foreign Country

_____          (Daytime)
Area Code                              Telephone Number

_____          (Evening)
Area Code                              Telephone Number

Check appropriate box (check only one box):

☐      Individual/Sole Proprietor      ☐      Joint Owners      ☐      Pension Plan
☐      Corporation                              ☐      Partnership      ☐      Trust
☐      IRA                                            ☐      Other (describe:_____)

- 4 -

NOTE:   Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name).  Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (for example, a Corporation with multiple brokerage accounts should include all transactions made in WMI common stock during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in.)

_____
Social Security Number         or         Taxpayer Identification Number

_____
Record Owner's Name (if different from beneficial owner listed above)

10.    At the close of business on April 14, 2003, I owned _____ shares of WMI common stock (If none, write "zero" or "0") (If other than zero, the number of shares must be documented).[6]

11.    I made the following purchases of WMI common stock during the period between April 15, 2003 and June 28, 2004, inclusive.  (Persons who received WMI common stock during the Class Period other than by purchase are not eligible to submit claims for those transactions) (the requested details of the purchases must be documented)[7]:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

---

[6]    Documentation to show holding would commonly include the monthly brokerage statement for the account in which the stock was held.

[7]    Documentation to show a purchase or sale should normally include a trade confirmation slip or a monthly statement showing the trade.

12.     From June 29, 2004 to September 24, 2004, I purchased a total of _____ shares of WMI common stock (If none, write "zero" or "0") (If other than zero, the number of shares purchased must be documented).

13.     I made the following sales of WMI common stock during the period all between April 15, 2003 and September 24, 2004, inclusive (If none, write "zero" or "0") (If other than zero, the requested details of the sales must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

14.     At the close of trading on September 24, 2004, I owned _____ shares of WMI common stock (If none, write "zero" or "0") (If other than zero, the number of shares owned must be documented).

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

15.     Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

16.     Certification

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN

_____, 2012, AND MUST BE MAILED TO:

<mark>WaMu 2004 Common Stock Litigation</mark>
c/o Rust Consulting, Inc.
Claims Administrator
Post Office Box 2493
Faribault, MN  55021-9193

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, **2012**, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

Submission of a Proof of Claim does not guarantee you will share in the distribution from the Settlement Fund.  Distributions from the Settlement Fund will be governed by the Court-approved Plan of Allocation.  Please note that the Court may modify the Plan of Allocation without further notice to the Class.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim.  Please notify the Claims Administrator of any change of address.

### REMINDER CHECKLIST

1. ☐ Please be sure to sign this Proof of Claim on page [___].  If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2. ☐ Please remember to attach supporting documents.  Do NOT send any stock certificates.  Keep copies of everything you submit.

3. ☐ If you are acting in a representative, you must submit evidence of your current authority to act on behalf of that Class Member.

4. ☐ Do NOT use highlighter on the Proof of Claim or any supporting documents.

5. ☐ If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

### NOTE:  RECEIPT ACKNOWLEDGMENT NEEDED

The Claims Administrator will send a written confirmation of its receipt of your Proof of Claim.  Do not assume your claim is submitted until you receive written confirmation of its

receipt.  Your claim is not deemed fully filed until the Claims Administrator sends you written confirmation of its receipt of your Proof of Claim.  If you do not receive an acknowledgement postcard within thirty (30) days of your mailing the Proof of Claim, then please call the Claims Administrator toll free at (877) 310-0495.

**Exhibit 3
to Order**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| SOUTH FERRY LP #2, individually and on behalf of all others similarly situated, <br><br>            Plaintiff, <br><br>      vs. <br><br> KERRY K. KILLINGER, *et al.*, <br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO. C04-1599-JCC <br><br> **SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND SETTLEMENT HEARING** |

TO:       ALL PERSONS WHO PURCHASED THE COMMON STOCK OF WASHINGTON MUTUAL, INC. BETWEEN APRIL 15, 2003 AND JUNE 28, 2004, INCLUSIVE, AND WHO WERE DAMAGED THEREBY (THE "CLASS").

       YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-captioned Action has been certified as a class action and that a Settlement for $41.5 million in cash has been proposed.  A hearing will be held before The Honorable John C. Coughenour in the U.S. Courthouse, 700 Stewart Street, Seattle, Washington  98101, at ___:_____ __.m., on _____, **2012** to determine whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.

       IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.  If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness

Hearing and a Proof of Claim form, you may obtain copies of these documents by contacting the

Claims Administrator:

**WaMu 2004 Common Stock Litigation**
c/o Rust Consulting, Inc.
Claims Administrator
Post Office Box 2493
Faribault, MN 55021-9193
(877) 310-0495
***www.WaMu2004CommonStockLitigation.com***

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to

Plaintiffs' Co-Lead Counsel:

Lori G. Feldman                          William H. Narwold
Milberg LLP                              Motley Rice LLC
One Penn Plaza                           One Corporate Center
New York, NY  10119-0165                 20 Church Street, 17th Floor
(212) 594-5300                           Hartford, CT  06103
                                         (860) 882-1681

To participate in the Settlement, you must submit a Proof of Claim no later than

_____, **2012**.  If you are a Class Member and do not exclude yourself from the

Class, you will be permanently bound by the Court's Final Judgment and Order of Dismissal

with Prejudice.  To exclude yourself from the Class, you must submit a request for exclusion

postmarked no later than _____, **2012**.  Any objections to the Settlement must be

filed by _____, **2012**.  If you are a Class Member and do not submit a proper Proof

of Claim, you will not share in the Settlement but you nevertheless will be permanently bound by

the Court's Final Judgment and Order of Dismissal with Prejudice.

Further information may be obtained by contacting the Claims Administrator at (877)

310-0495.

By Order of The Court