The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOUTH FERRY LP #2, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

KERRY K. KILLINGER *et al.*,

Defendants.

Master File No. C04-1599 JCC

**LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS**

NOTE ON MOTION CALENDAR:
Tuesday, June 5, 2012

ORAL ARGUMENT REQUESTED

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ..... 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..... 4

ARGUMENT ..... 4

I. THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE ..... 4

A. The Strength of Lead Plaintiffs' Case, When Balanced Against the Risk, Expense, Complexity, and Likely Duration of Further Litigation, Supports Approval of the Settlement ..... 6

1. Complexity of proof of liability and damages ..... 6

2. Expense and duration of further litigation ..... 7

B. Lead Plaintiffs Have Engaged in Sufficient Formal and Informal Discovery and Have Conducted a Thorough Investigation to Identify the Strengths and Weaknesses of Their Case and the Propriety of Settlement ..... 9

C. The Recommendations of Experienced Counsel After Extensive Litigation and Arm's-Length Settlement Negotiations Favor the Approval of the Settlement ..... 11

D. The Risks of Maintaining the Class Action Through Trial Do Not Weigh For or Against the Settlement ..... 13

E. The Reaction of the Class Members to the Proposed Settlement Supports the Settlement ..... 13

II. THE PLAN OF ALLOCATION IS FAIR AND REASONABLE ..... 15

CONCLUSION ..... 16

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

# TABLE OF AUTHORITIES

**CASES**

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) .......... 13

*Boyd v. Bechtel Corp.*, 485 F. Supp. 610 (N.D. Cal. 1979) .......... 15

*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566 (9th Cir. 2004) .......... 4, 5

*Facebook, Inc. v. Pacific Northwestern Software, Inc.*, 640 F.3d 1034 (9th Cir. 2011) .......... 5

*Fulford v. Logitech, Inc.*, No. 08-cv-02041 MMC, 2010 U.S. Dist. LEXIS 29042 (N.D. Cal. Mar. 5, 2010) .......... 8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .......... 4, 5

*In re Apollo Group, Inc. Securities Litigation*, No. CV 04-2147-PHX-JAT, 2008 WL 3072731 (D. Ariz. Aug. 4, 2008) .......... 7

*In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2011) .......... 12

*In re Broadcom Corp. Securities Litigation*, No. SACV 01-275 DT (MLGx), 2005 U.S. Dist. LEXIS 41976 (C.D. Cal. Sept. 12, 2005) .......... 15

*In re First Capital Holdings Corp. Financial Products Securities Litigation*, MDL No. 901, 1992 WL 226321 (C.D. Cal. June 10, 1992) .......... 12

*In re Heritage Bond Litigation*, MDL No. 02-ML-1475 DT, 2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) .......... 6

*In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir. 2010) .......... 14

*In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008) .......... 12, 15

*In re Oracle Securities Litigation*, No. C-90-0931-VRW, 1994 WL 502054 (N.D. Cal. June 18, 1994) .......... 15

*In re Washington Public Power Supply System Securities Litigation*, MDL No. 551, 1988 WL 158947 (W.D. Wash. July 28, 1988) .......... passim



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

*Joy v. Davis* (*In re Schwarz Publishing, Inc.*), No. SC-09-1032-PaRMo, 2009 Bankr. LEXIS 4546 (B.A.P. 9th Cir. Aug. 4, 2009) ........ 9

*Linney v. Cellular Alaska Partnership*, 151 F.3d 1234 (9th Cir. 1998) ........ 5

*Lo v. Oxnard European Motors, LLC*, No. 11CV1009 JLS (MDD), 2011 WL 6300050 (S.D. Cal. Dec. 15, 2011) ........ 11

*Lundell v. Dell, Inc.*, No. CIVA C05-3970 JWRS, 2006 WL 3507938 (N.D. Cal. Dec. 5, 2006) ........ 11

*National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ........ 8, 9

*Officers for Justice v. Civil Service Commission*, 688 F.2d 615 (9th Cir. 1982) ........ 4, 5, 9, 13

*Robbins v. Koger Properties, Inc.*, 116 F.3d 1441 (11th Cir. 1997) ........ 7

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) ........ 4, 11, 12, 15

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ........ 4

*White v. Experian Info. Solutions, Inc.*, 803 F. Supp. 2d 1086 (C.D. Cal. 2011) ........ 11, 13

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

**PRELIMINARY STATEMENT**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiffs Walden Management Company Pension Plan ("Walden") and Metzler Investment GmbH ("Metzler") submit this motion for final approval of the Settlement of this Action for $41,500,000 in cash (plus accrued interest) and for final approval of the Plan of Allocation of the Settlement proceeds. This motion is supported by the Joint Declaration of Lori G. Feldman and William H. Narwold, filed concurrently herewith (the "Joint Declaration" or "Joint Decl.").

The Settlement is a result of more than seven years of hard-fought litigation, including briefing of a motion to dismiss, an interlocutory appeal to the United States Court of Appeals for the Ninth Circuit, further briefing on the motion to dismiss on remand from the Ninth Circuit, hundreds of thousands of pages of document discovery, briefing of Lead Plaintiff's motion for class certification, and protracted arms'-length settlement negotiations.

Lead Plaintiffs alleged that between April 15, 2003 and June 28, 2004, Kerry K. Killinger, Thomas W. Casey, Deanna W. Oppenheimer (collectively, the "Individual Defendants"), and Washington Mutual, Inc. ("WMI" and, together with the Individual Defendants, the "Defendants") violated the federal securities laws by making false and misleading statements that (1) WMI had successfully integrated the various technology platforms and operational processes from certain recent acquisitions, and (2) WMI was well-positioned to withstand market changes in interest rates because of its hedging operations and the natural counterbalance of its risk. Lead Plaintiffs alleged that when the market learned that these statements were not true, the value of WMI's stock plummeted.

Defendants vigorously opposed the Action from the outset, first filing a motion to dismiss that was granted in part and denied in part, and then filing a motion for reconsideration of the denial of the motion to dismiss or, in the alternative, a certificate of appealability under 28 U.S.C. § 1292(b). This Court granted the motion for an interlocutory appeal, and Defendants took an appeal to the Ninth Circuit. The Ninth Circuit vacated a portion of this Court's order

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

denying Defendants' motion to dismiss and remanded for further proceedings. The parties then briefed the remainder of the Defendants' motion to dismiss. Shortly thereafter, WMI filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). This stayed the Action against WMI pursuant to 11 U.S.C. § 362(a). Lead Plaintiffs filed individual proofs of claim against WMI in the Chapter 11 cases, as well as a claim on behalf of the Class.

Lead Plaintiffs nonetheless continued to litigate against the Individual Defendants in this Court, and ultimately defeated Individual Defendants' motion to dismiss and achieved certification of a class of purchasers of WMI common stock ("the Class"). In doing so, Plaintiffs' Counsel: (i) thoroughly reviewed and analyzed all publicly available information regarding WMI, including, but not limited to, its filings with the Securities and Exchange Commission, financial statements, press releases, conference call transcripts, and analysts' reports; (ii) thoroughly investigated, with the assistance of in-house and outside private investigators, the facts underlying the allegations in the Consolidated Amended Class Action Complaint for Violation of Federal Securities Laws (the "Complaint"), including identifying and interviewing numerous former WMI employees and other witnesses; (iii) thoroughly researched the law pertinent to the claims and defenses asserted; (iv) analyzed the damages in this Action and consulted with economic experts regarding the calculation of damages, loss causation, materiality, market efficiency and movements in the price of WMI stock; (v) filed the highly particularized Complaint on March 1, 2005; (vi) litigated a complex motion to dismiss, defeating Defendants' challenge to the Complaint and their motion for reconsideration; (vii) litigated the remand of Defendants' motion to dismiss from the Ninth Circuit resulting in the Court again denying Defendants' motion; (viii) assisted Lead Plaintiffs in preparing discovery responses to Individual Defendants' discovery requests and prepared and propounded discovery requests upon Individual Defendants; (ix) served subpoenas on 21 non-parties (or former parties) for documents relevant to the Action, and negotiated with those non-parties concerning the scope of their document production; (x) reviewed hundreds of thousands of pages of documents produced

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

by Individual Defendants and non-parties; (xi) closely monitored all activity in the WMI Chapter 11 proceeding that could have had an impact on the Class and its claims; (xii) filed proofs of claim on behalf of Lead Plaintiffs and the Class with the Bankruptcy Court; (xiii) vigorously and successfully opposed confirmation of WMI's proposed plan of reorganization to the extent that it negatively impacted the Class's claims against the Individual Defendants; (xiv) successfully fought for the preservation of documents by WMI in the Chapter 11 proceeding; (xv) prepared for and attended two sessions of mediation of this Action before a private mediator, and successfully negotiated, at arm's length, a favorable settlement for the Class, which included extensive post-mediation negotiations over the specific terms of the Settlement; (xvi) received approval of the Settlement from the Bankruptcy Court; and (xvii) communicated regularly with Lead Plaintiffs regarding all of the issues, facts and circumstances in this Action, and received their approval to settle this Action.

Lead Counsel and Lead Plaintiffs believe this Action has significant merit and that they would likely prevail on the issues presented. However, they are also aware that continued litigation is not without substantial risks given Defendants' steadfast denial of liability, and is costly and time-consuming.

Lead Counsel are highly experienced in prosecuting securities fraud class actions. At the time of settlement, Lead Plaintiffs and Lead Counsel fully assessed the strengths and weaknesses of Lead Plaintiffs' claims as a result of more than seven years of investigation and litigation and concluded that the Settlement is a very good result under the circumstances and is in the best interest of the Class.

Although the deadline for objecting or opting-out is May 4, 2012, to-date no Class members have objected to any aspect of the Settlement or the Plan of Allocation. Likewise, only twenty-six Class members have requested to be excluded from the Class. Additionally, the Bankruptcy Court has analyzed and approved WHI's entry into the Settlement, holding that it is fair, reasonable, and adequate to WMI, its creditors, and all parties in interest. *In re Wash. Mut., Inc.*, No. 08-12229 (MFW) (Bankr. D. Del. Jan. 4, 2012). The minimal number of exclusion

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

requests and objections to the Settlement is very strong evidence that the Settlement represents an excellent result for the Class and should be approved.

Additionally, the Court should approve the Plan of Allocation. Counsel developed the Plan of Allocation based on the analysis performed by Lead Plaintiffs' damages experts. The Plan tracks the theory of damages asserted and provides a fair and reasonable basis for allocating the net Settlement proceeds among Class members. For all of the reasons discussed herein and in the Joint Declaration, Lead Plaintiffs respectfully submit that the Court should approve the Settlement and Plan of Allocation.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A detailed description of the factual background and procedural history of this Action is set forth in the Joint Declaration. For the sake of brevity, it is not repeated here, but is instead incorporated by reference.

## ARGUMENT

### I. THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

In deciding whether to approve a proposed settlement of a class action under Rule 23(e), the court must first find that the proposed settlement is "fair, adequate, and reasonable." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). In exercising its discretion in approving a settlement, the court need only determine that the Settlement is "not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625; *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he question we address is . . . whether [the settlement] is fair, adequate and free from collusion."); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (finding "the negotiated amount [to be] fair and reasonable . . . . There is no evidence of fraud, overreaching, or collusion."). The court should not "reach any ultimate conclusions" about the merits of the case. *Officers for Justice*, 688 F.2d at 625; *see also In re*

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

*Wash. Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 158947, at *3 (W.D. Wash. July 28, 1988) ("In determining whether to approve this settlement, the Court does not reach any conclusions as to the outcome of contested factual issues. . . . [T]his Court will not attempt to evaluate the likelihood of plaintiffs' success at trial.").

Class action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation. As the Ninth Circuit has noted, '[t]here are also very important policies that favor giving effect to agreements that put an end to the expensive and disruptive process of litigation." *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1039 (9th Cir. 2011); *see also Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (noting "the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned") (internal quotation marks omitted); *Officers for Justice*, 688 F.2d at 625 ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation."). These policies favoring settlement are readily implicated here, where, after over seven years of investigation and litigation, the parties have finally agreed upon a resolution and the Class can finally be compensated.

When evaluating the fairness of a class action settlement, courts in the Ninth Circuit are instructed to balance the following factors:

> [T]he strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; . . . and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026; *see also Churchill Vill.*, 361 F.3d at 575-76; *Officers for Justice*, 688 F.2d at 625.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

### A. The Strength of Lead Plaintiffs' Case, When Balanced Against the Risk, Expense, Complexity, and Likely Duration of Further Litigation, Supports Approval of the Settlement

#### 1. Complexity of proof of liability and damages

Lead Plaintiffs believe that, based on the evidence adduced to date, they would be able to prove that during the Class Period, Defendants made material misstatements and omissions about WMI's ability to hedge the Company's financial and market risk and that those misrepresentations caused the price of WMI securities to be artificially inflated. Defendants, however, have adamantly denied, and continue to deny, any liability and have asserted from the outset of the Action that they possess defenses to Lead Plaintiffs' claims. *See* Joint Decl. ¶¶ 25, 27, 31, 34, 36, 40, 42.

Courts widely recognize that, as here, the "typical complexity" of securities class actions makes them particularly well-suited to resolution by settlement. *See In re Wash. Pub. Power Supply*, 1988 WL 158947, at *3 ("The number of defendants and complexity of issues involved in [securities] litigation make a global settlement very difficult to achieve."); *In re Heritage Bond Litig.*, MDL No. 02-ML-1475 DT, 2005 U.S. Dist. LEXIS 13555, at *23 (C.D. Cal. June 10, 2005) (noting the "typical complexity" of securities class actions).

Lead Plaintiffs faced considerable case-specific risks in establishing the essential elements of their claims, both at the summary judgment stage and at trial. The Joint Declaration discusses the significant risks that Lead Plaintiffs faced in establishing the required elements of falsity, scienter, causation and damages. *See* Joint Decl. ¶¶ 93-98.

Even assuming Lead Plaintiffs defeated the Individual Defendants' anticipated motion for summary judgment after completion of discovery, Lead Plaintiffs would face significant risks at trial, including having to rely on testimony from former WMI employees and customers about matters that occurred more than seven years ago, and having to present to a jury inherently complex issues such as scienter, loss causation, and financial hedging of mortgage loan operations. Moreover, there is always the very real possibility that a jury would find that some

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

or all of the alleged misrepresentations were not material, or that Defendants believed in the appropriateness of their actions at the time.

Proof of damages also would have posed significant risk to Lead Plaintiffs at trial. Lead Plaintiffs would have likely faced a motion *in limine* by Defendants to exclude Lead Plaintiffs' damages experts' testimony under the *Daubert* test and risked a decision that its valuation model might not be admissible. Even if such evidence were admitted, the reaction of a jury to battling expert testimony is unpredictable and could have resulted in no damages or only a fraction of the amount of damages Lead Plaintiffs contended. *See, e.g.*, *In re Apollo Grp., Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2008 WL 3072731, at *6 (D. Ariz. Aug. 4, 2008) (overturning jury award of approximately $280 million as a matter of law because the evidence at trial was insufficient to establish loss causation); *Robbins v. Koger Props., Inc.*, 116 F.3d 1441, 1449 (11th Cir. 1997) (overturning $81 million jury verdict because no reasonable jury could have concluded that defendant's misleading representations caused the plaintiff's loss).

While it is possible that Lead Plaintiffs could obtain a recovery at trial that exceeds the amount of the proposed Settlement, that assumes that most, if not all, of the significant liability and damage issues would have been resolved in the Class's favor. For example, Individual Defendants attempted to shorten the class period in their opposition to Lead Plaintiff's motion for class certification, *see* Joint Decl. ¶ 71, and if Individual Defendants were to prevail on this issue at summary judgment or trial, damages would be significantly reduced. All of these issues could affect Lead Plaintiff's likelihood of success at trial. Therefore, the amount of damages the Class would actually recover if successful at trial is uncertain.

**2. Expense and duration of further litigation**

The immediacy and certainty of a recovery is an additional factor for the Court to balance in determining whether this proposed Settlement is fair, adequate, and reasonable. *See In re Wash. Pub. Power Supply*, 1988 WL 158947, at *4 ("[T]he Court finds that the best interests of the class are served by assuring that amount to the class now, before it is subjected to the

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

vagaries of litigation."); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation.").

Here, Individual Defendants have demonstrated a commitment to defend this case through and beyond trial, if necessary, and are represented by well-respected and highly capable counsel. If not for this Settlement, the case would have continued to be fiercely contested by all parties, and the expense and time of continuing litigation would have been substantial. *See In re Wash. Pub. Power Supply*, 1988 WL 158947, at *2 (approving settlement and noting the "zealous advocacy displayed by counsel on both sides" throughout the four-year period preceding settlement); *Fulford v. Logitech, Inc.*, No. 08-cv-02041 MMC, 2010 U.S. Dist. LEXIS 29042, at *10-11 (N.D. Cal. Mar. 5, 2010) (noting that "[c]ontinued litigation . . . would likely be expensive and lengthy. The Settlement avoids a lengthy trial that likely would have involved testimony by numerous witnesses and experts. It also avoids the likely appeal process that could continue for many months or even years after entry of a judgment.").

Lead Plaintiffs' claims would require additional document discovery and review, numerous depositions, and extensive expert discovery and testimony. Discovery in this case was, and would continue to be, unusually complicated, due in large part to WMI's bankruptcy and JPMorgan Chase's acquisition of WMI in 2008. Many of the responsive documents are in the possession of an entity that was not a part of Lead Plaintiffs' allegations. Further, because mortgage loan hedging is a complex subject, Lead Plaintiffs would likely have retained a number of experts to provide testimony on various aspects of the hedging process, which would have resulted in considerable additional expense to the Class.

After completion of discovery, Individual Defendants' expected motion for summary judgment would have to be briefed and argued, a pre-trial order would have to be prepared, proposed jury instructions would have to be submitted, and motions *in limine* would have to be filed and argued. Substantial time and expense would be expended in preparing the case for trial.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

The trial itself would be long, expensive and uncertain, and no matter the outcome, appeals would be virtually assured. Even if Lead Plaintiffs prevailed and obtained a substantial judgment after trial, there is little doubt that Individual Defendants would appeal. The appeals process would likely span several years, during which the Class would receive no distribution from any damage award. In addition, an appeal of any verdict would carry the risk of reversal, in which case the Class would receive no recovery even after having prevailed on the claims at trial. Finally, even with a judgment in hand, collectability might be a significant problem due to the ongoing bankruptcy proceedings. This would add considerably to the expense and duration of the Action. The Settlement agreed to by the parties eliminates all of these concerns.

At this juncture, the $41,500,000 settlement results in an immediate and substantial tangible recovery, without the considerable risk, expense and delay of discovery, summary judgment motions, and trial and post-trial litigation. *See In re Wash. Pub. Power Supply*, 1988 WL 158947, at *4 (finding settlement to be in the "best interests of the class . . before it is subjected further to the vagaries of litigation"); *Nat'l Rural Telecomms.*, 221 F.R.D. at 526 (concluding that it is often in the class's best interest to "take the bird in hand instead of a prospective flock in the bush") (internal quotation marks omitted); *Joy v. Davis* (*In re Schwarz Publ'g, Inc.*), No. SC-09-1032-PaRMo, 2009 Bankr. LEXIS 4546, at *10 (B.A.P. 9th Cir. Aug. 4, 2009) ("[T]o most creditors a dollar today is worth more than one received next year.").

**B. Lead Plaintiffs Have Engaged in Sufficient Formal and Informal Discovery and Have Conducted a Thorough Investigation to Identify the Strengths and Weaknesses of Their Case and the Propriety of Settlement**

The stage of the proceedings and the amount of discovery completed is another factor that courts consider in determining the fairness, reasonableness and adequacy of a settlement, and in this case, weighs in favor of approval. *Officers for Justice*, 688 F.2d at 625 (noting that "the extent of discovery completed, and the stage of the proceedings" are relevant inquiries); *In re Wash. Pub. Power Supply*, 1988 WL 158947, at *3 (noting that because "monumental discovery . . . is essentially complete" counsel had a "sufficient basis" to "evaluate the risks of

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

settlement versus continued litigation”). As detailed herein and in the Joint Declaration, Lead Plaintiffs and Lead Counsel conducted significant informal discovery and a thorough investigation on the matters alleged. For instance, Lead Counsel:

- reviewed and analyzed publicly available information regarding WMI, including its filings with the Securities and Exchange Commission, financial statements, press releases, conference call transcripts, analysts’ reports, notes prepared by securities firms, and public notices concerning WMI;
- investigated the facts underlying the allegations in the consolidated and amended complaints, including identifying and interviewing numerous former WMI employees and other witnesses with the assistance of in-house investigators;
- held numerous meet-and-confer discussions with the Individual Defendants and non-parties;
- engaged in extensive negotiations with opposing counsel over discovery requests;
- reviewed and analyzed hundreds of thousands of pages documents produced by the Individual Defendants and non-parties, many of which were especially difficult to obtain in the aftermath of WMI’s bankruptcy filing, and which required understanding the many highly technical issues in the Action;
- responded to the discovery requests of the Individual Defendants;
- prepared and defended representatives of both Lead Plaintiffs at depositions;
- researched the law pertinent to the claims and defenses asserted in this Court, the Ninth Circuit, and the Bankruptcy Court; and
- analyzed the damages in this Action and consulted with economic experts regarding the calculation of damages, loss causation, materiality, and movements in the price of WMI stock.

Lead Counsel also prepared a fact-intensive Complaint, and fully briefed Defendants’ motions to dismiss, Defendants’ appeal to the Ninth Circuit, and a motion for class certification.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

*See* ECF No. 210. Lead Counsel also represented the Class's interests before the Bankruptcy Court. Finally, the parties prepared for and participated in extensive settlement negotiations. Joint Decl. ¶¶ 74-76. Thus, at the time of Settlement, and having expended almost 18,000 hours in the prosecution of the Action over the course of over seven years, Lead Counsel had a full understanding of the strengths and weaknesses of the Class's claims, as well as the difficulties they would have faced in obtaining a more favorable result after continued litigation. This factor likewise supports approval of the Settlement.

**C. The Recommendations of Experienced Counsel After Extensive Litigation and Arm's-Length Settlement Negotiations Favor the Approval of the Settlement**

As the Ninth Circuit has observed, "[t]his circuit has long deferred to the private consensual decision of the parties" and their counsel in settling an action. *Rodriguez*, 563 F.3d at 965; *see also In re Wash. Pub. Power Supply*, 1988 WL 158947, at *3 ("Class counsel are experienced in securities class action litigation, and their recommendation for approval is based on a thorough understanding of the strengths and weaknesses of their case from both a factual and legal standpoint. *Their recommendation is entitled to great weight*.") (emphasis added); *White v. Experian Info. Solutions, Inc.*, 803 F. Supp. 2d 1086, 1099 (C.D. Cal. 2011) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight.") (internal quotation marks omitted).

Where, as here, a proposed class settlement has been reached after arm's-length negotiation conducted by capable counsel, it is presumptively fair. *See Lo v. Oxnard European Motors, LLC*, No. 11CV1009 JLS (MDD), 2011 WL 6300050, at *6 (S.D. Cal. Dec. 15, 2011) (holding that a "presumption of reasonableness is warranted based on Plaintiff's counsel's ample experience in class action litigation, . . . as well as the fact that the parties engaged in arm's-length negotiations"); *Lundell v. Dell, Inc.*, No. CIVA C05-3970 JWRS, 2006 WL 3507938, at *3 (N.D. Cal. Dec. 5, 2006) (approving class action settlement that was "the result of intensive, arms'-length negotiations between experienced attorneys familiar with the legal and factual

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

issues of this case"); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.") (internal quotation marks omitted).

Counsel, having carefully considered and evaluated, *inter alia*, the relevant legal authorities and evidence to support the claims asserted against Individual Defendants; the likelihood of prevailing on these claims; the risk, expense, and duration of continued litigation; and the likely appeals and subsequent proceedings necessary if Lead Plaintiffs did prevail against Individual Defendants at trial, have concluded that the Settlement is a highly favorable result for the Class. The parties had two formal mediation sessions with experienced mediator, David Geronemus, Esq., and engaged in several mediator-facilitated discussions between and after the formal sessions. Over the course of several weeks after the first mediation, Lead Plaintiffs continued to explore fully the strengths and weaknesses of the parties' respective claims and defenses. It was only after expending this considerable amount of time, effort, and money that Lead Counsel concluded that the proposed Settlement was in the best interest of the Class as a whole.

Where, as here, the settlement is the product of serious, informed, non-collusive negotiations after some seven years of litigation, significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class. *See Rodriguez*, 563 F.3d at 965 ("[The Ninth Circuit] put[s] a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL No. 901, 1992 WL 226321, at *2 (C.D. Cal. June 10, 1992) (finding belief of counsel that the proposed settlement represented "the most beneficial result" for class compelling factor in approving settlement).[1]

---

[1] In *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 947 (9th Cir. 2011), the Ninth Circuit identified three signs of potential collusion by counsel for parties in a class action settlement: "(1) 'when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply

(continued...)

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

**D. The Risks of Maintaining the Class Action Through Trial Do Not Weigh For or Against the Settlement**

The Ninth Circuit has held that "the risk of maintaining class action status throughout the trial" should be considered in approving settlement. *Officers for Justice*, 688 F.2d at 625. The Court conducted a thorough and reasoned analysis and certified the Class on January 6, 2011. Under Rule 23, a court may exercise its discretion to re-evaluate the appropriateness of class certification at any time. *See Armstrong v. Davis*, 275 F.3d 849, 872 n.28 (9th Cir. 2001) (noting that Rule 23 "provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court"). However, nothing has changed since the Court's certification that would undermine its decision to certify the Class. Accordingly, the risk of failing to maintain a class through trial is, at best, neutral, and weighs neither in favor nor against the Settlement.

**E. The Reaction of the Class Members to the Proposed Settlement Supports the Settlement**

The small number of requests for exclusion from the Class, and the absence of objections to the Settlement, strongly support final approval. *See In re Wash. Pub. Power Supply*, 1988 WL 158947, at *3 (noting that there were fewer than ten written objections from a class of more than 24,000 and holding that "[t]he reaction of the class members to the proposed settlement is also an important factor in evaluating the fairness of the settlement"); *Experian*, 803 F. Supp. 2d at 1099-1100 (holding that a positive reaction by the class "overall" supported settlement even when objectors and opt-outs existed).

---

(...continued from previous page)
rewarded'; (2) when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds . . . ; and (3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." (internal citations omitted). None of those signs of potential collusion are present here: (1) Lead Counsel have not been promised any amount of attorneys' fees, and Class members with valid claims will receive monetary distributions from the Settlement funds; (2) there is no "clear sailing" arrangement here, and Lead Counsel will only receive fees that are awarded by the Court from the class funds; and (3) no amount of unawarded attorneys' fees will revert back to Defendants.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Under Fed. R. Civ. P. 23(h) and Fed. R. Civ. P. 54, this motion is being submitted before the objection deadline so that Class members have a chance to read it on the settlement website and comment on it. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) ("Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members.").

The deadline for submitting objections is May 4, 2012, and to-date not a single Class member has objected to any aspect of the Settlement or the Plan of Allocation. Certain class members filed two documents with the Court expressing opinions about the Settlement and distribution of settlement proceeds. Joint Decl. ¶¶ 87-88. Neither objects to any aspect of the Settlement. One simply restated, in broad terms, the aim of the Plan of Allocation: "Any monies due from settlements should be given to all stock holders except those on the board of directors or executives of Dime or Washington Mutual Bank who helped put the Company into Bankruptcy. . . ." *See* ECF No. 264. The other urges the Court to grant relief unrelated to this litigation, related instead to the seizure and bankruptcy of WMI. *See* ECF No. 265. Neither of these letters should be considered a true objection to the Settlement or Plan of Allocation and neither changes the fact that the reaction of the Class has been very favorable and supports final approval of the Settlement. *See* Joint Decl. ¶ 86.

Similarly, the deadline for requesting exclusion from the Class is May 4, 2012, and to date only twenty potential Class members have requested exclusion.[2] *See* Joint Decl. ¶ 89. The reaction of the Class is very favorable and supports final approval of the Settlement.

---

[2]      Of the twenty-six Class members who seek to be excluded, five did not purchase within the Class Period, and seven did not provide the dates on which they purchased or sold their shares. Only eight of the Class members who have requested exclusion from the Class provided any information indicating that they purchased shares within the Class Period, and even that information was in many instances not sufficient to verify Class Membership.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

## II. THE PLAN OF ALLOCATION IS FAIR AND REASONABLE

The Plan of Allocation, which is set forth in full in the Settlement Notice mailed to potential Class members, should also be approved. Assessment of a plan of allocation of settlement proceeds in a class action under Rule 23 is governed by the same standards of review applicable to the settlement as a whole. *In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994) ("Approval of a plan of allocation of settlement proceeds in a class action under FRCP 23 is governed by the same standards of review applicable to approval of the settlement as a whole: the plan must be fair, reasonable and adequate."); *see also In re Omnivision*, 559 F. Supp. 2d at 1045. Moreover, "'[a]n allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent counsel.'" *In re Broadcom Corp. Sec. Litig.*, No. SACV 01-275 DT (MLGx), 2005 U.S. Dist. LEXIS 41976, at *7 (C.D. Cal. Sept. 12, 2005) (alteration in original) (internal quotation marks omitted); *see also In re Omnivision*, 559 F. Supp. 2d at 1043 ("'The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.'") (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)).

District courts have broad discretion over the administration of class action settlements. *See Rodriguez*, 563 F.3d at 963-964 (noting that district courts have broad supervisory powers over the administration of class actions settlements in order to allocate the proceeds equitably among competing class members). The Plan here reflects the allegations that the price of WMI stock was artificially inflated throughout the Class Period because of fraudulent misrepresentations and that the artificial inflation was eliminated by a series of corrective disclosures. Joint Decl. ¶ 114. The Plan was developed by Lead Counsel based on the analysis of Lead Plaintiffs' damages experts, and calculates each Class member's total recognized losses and allocates recovery based on the timing of each Class member's purchases and sales relative to the alleged corrective disclosures. *Id*. Each Class member who submits a valid Proof of Claim form will receive his or her *pro rata* share of the funds based on the calculation of recognized losses. *Id*. This type of distribution is a reasonable approach. *See In re Oracle*, 1994

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

WL 502054, at *1 ("A plan of allocation that reimburses class members based on the extent of their injuries is generally reasonable."). The Plan of Allocation should therefore be approved.

**CONCLUSION**

For all the reasons set forth above and in the Joint Declaration, Lead Plaintiffs respectfully submit that the proposed Settlement and Plan of Allocation warrant this Court's final approval.

Dated: April 13, 2012

Respectfully submitted,

By: *_/s/ Cliff Cantor_*
Cliff Cantor, WSBA #17893
**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98704-7033
Tel.: (425) 868-7813
Fax: (425) 732-3752
cliff.cantor@comcast.net

***Liaison Counsel for Lead Plaintiffs***

/s/ Lori G. Feldman
Lori G. Feldman, WSBA # 29096
Joshua H. Vinik
Matthew A. Kupillas
Todd Kammerman
Jennifer J. Sosa
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
lfeldman@milberg.com
jvinik@milberg.com
mkupillas@milberg.com
tkammerman@milberg.com
jsosa@milberg.com

William H. Narwold
**MOTLEY RICE LLC**
One Corporate Center
20 Church St., 17th Floor

LEAD PLS.'S MOT. FOR FINAL APPROVAL OF SETTLEMENT & PLAN OF ALLOCATION
Master File No. C04-1599 JCC

- 16 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Hartford, CT 06103
Tel: (860) 882-1676
Fax: (860) 882-1682
bnarwold@motleyrice.com
*-and-*
Frederick C. Baker
Badge Humphries
Meghan Shea Blaszak Oliver
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Tel: (843) 216-9184
Fax: (843) 216- 9450
bhumphries@motleyrice.com

***Lead Counsel for Lead Plaintiffs***

**Certificate of Service**

I certify that, on April 13, 2012, I caused the foregoing, along with the joint declaration of Lori G. Feldman and William H. Narwold, its eight exhibits, and a proposed final judgment, to be filed with the clerk of the court via the CM/ECF system, which will send notification of filing to all counsel of record.

/s/ Cliff Cantor, WSBA # 17893

LEAD PLS.'S MOT. FOR FINAL APPROVAL OF SETTLEMENT & PLAN OF ALLOCATION
Master File No. C04-1599 JCC

- 17 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752