1

2

3

4

5

6

7

8

9

10

11

12

13

14

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SOUTH FERRY LP #2, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

KERRY K. KILLINGER, et al.,

Defendants.

CASE NO. C04-1599-JCC

FINAL ORDER APPROVING
CLASS ACTION SETTLEMENT
AND AWARDING ATTORNEYS'
FEES AND EXPENSES

15

16

17

This matter comes before the Court on Lead Plaintiffs' motion for final approval of class
action settlement and plan of allocation of settlement proceeds (Dkt. No. 269) and Lead
Counsel's motion for award of attorneys' fees and reimbursement of expenses (Dkt. No. 270).

18

19

20

21

22

23

24

25

26

On June 5, 2012, this Court conducted a hearing to determine: (1) whether the terms and
conditions of the Class Action Settlement Agreement dated October 5, 2011 (the "Settlement
Agreement") are fair, reasonable, and adequate for the settlement of the Action now pending in
this Court under the above caption, including the release of all Released Claims against
Defendants and the other Released Parties, and should be approved; (2) whether judgment should
be entered dismissing the Complaint on the merits and with prejudice in favor of Defendants and
as against all persons or entities who are members of the Class herein who have not requested
exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable
method to allocate the settlement proceeds among the members of the Class; and (4) whether and

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 1

in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.  The Court, having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Washington Mutual, Inc. ("WMI") between April 15, 2003 and June 28, 2004, inclusive (the "Class Period"), as shown by the records of WMI's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the global edition of *The Wall Street Journal* and transmitted over the Global Media Circuit of *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used but not otherwise defined herein having the meanings as set forth and defined in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2.      The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class it seeks to represent; (d) the Class Representative and Plaintiffs' Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

1    3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

2    finally certifies this action as a class action on behalf of all persons who purchased the common

3    stock of Washington Mutual, Inc. between April 15, 2003 and June 28, 2004, inclusive, and who

4    were damaged thereby.  Excluded from the Class are Washington Mutual, Inc. and the Individual

5    Defendants; former defendants William W. Longbrake, Craig J. Chapman, James G. Vanasek

6    and Michelle McCarthy; any other officers and directors of WMI during the Class Period;

7    members of their immediate families and their legal representatives, heirs, successors or assigns;

8    and any entity in which any of the Defendants or former defendants have or had a controlling

9    interest.  Also excluded from the Class are the persons and/or entities who requested exclusion

10   from the Class as listed on Exhibit 1 annexed hereto.

11
12   4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

13   finally certifies Walden Management Co. Pension Plan as Class Representative.

14   5.    Notice of the pendency of this Action as a class action and of the proposed

15   Settlement was given to all Class Members who could be identified with reasonable effort.  The

16   form and method of notifying the Class of the pendency of the Action as a class action and of the

17   terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal

18   Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §

19   78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process,

20   and any other applicable law, constituted the best notice practicable under the circumstances, and

21   constituted due and sufficient notice to all persons and entities entitled thereto.  Plaintiffs' Co-

22   Lead Counsel has filed with the Court proof of mailing of the Notice and Proof of Claim and

23   proof of publication of the Publication Notice.

24

25

26

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 3

6.       The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

7.       The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, as against the Defendants.

8.       Lead Plaintiffs and members of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether known claims or Unknown Claims, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, whether at law or in equity, matured or un-matured, whether class or individual in nature (i) that have been asserted in this Action or in the Chapter 11 Cases against any of the Released Parties relating to the purchase or sale of WMI common stock during the Class Period, including, without limitation, the Bankruptcy Claims, or (ii) that could have been asserted in the Action or the Chapter 11 Cases or in any forum against any of the Released Parties arising out of or based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase or sale of WMI common stock during the Class Period (the "Released Claims") against WMI, the Individual Defendants, Chapman, Longbrake, Vanasek, McCarthy and any and all of their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors,

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 4

1 investment advisors, auditors, accountants, insurers, and any person, firm, trust, corporation,

2 officer, director or other individual or entity in which WMI, the Individual Defendants or

3 Longbrake, Chapman, McCarthy and Vanasek has or has had a controlling interest or which was

4 or is related to or affiliated with WMI or any of the Individual Defendants, and the legal

5 representatives, marital communities, heirs, successors in interest or assigns of any of the

6 foregoing (the "Released Parties"). The Released Claims are hereby compromised, settled,

7 released, discharged and dismissed as against the Released Parties on the merits and with

8 prejudice by virtue of the proceedings herein and this Final Judgment and Order of Dismissal

9 with Prejudice. For the avoidance of doubt, nothing contained herein shall be deemed to release,

10 bar, waive, impair or otherwise impact:  (1) any claims to enforce the Settlement and the

11 transactions required pursuant to the Settlement; (2) any claims belonging to the Debtors, their

12 current affiliates or their successors in interest or otherwise asserted by the Debtors, their current

13 affiliates or their successors in interest against any other Released Party, or any Released Party's

14 defenses, counterclaims or claims for indemnification, if any—other than claims for

15 indemnification with respect to payments made to defend or settle the Action—with respect

16 thereto; (3) claims by any Released Party against the Debtors in the Chapter 11 Cases, including

17 indemnification claims—other than claims for indemnification with respect to payments made to

18 defend or settle the Action—or the Debtors' defenses and counterclaims with respect thereto;

19 provided, however, that, to the extent that any Contributing Carriers claim subrogation rights

20 against the Debtors on the basis of the Released Parties' indemnification claims, all such claims

21 and the Debtors' defenses with respect thereto are expressly preserved; (4) except to the extent

22 released pursuant to the settlement agreement in the class action styled *In re Washington Mutual,*

23 *Inc. ERISA Litigation*, Lead Case No. 07-cv-1874 (W.D. Wash.), claims, if any, by any Class

24 Member against the Released Parties arising under the Employee Retirement Income Security

25 Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") that are separate and do not arise from or

26 relate to the claims asserted in the Action; (5) claims by any Class Member individually in the

Chapter 11 Cases based solely upon such Class Member's status as a holder or beneficial owner (as opposed to a purchaser) of any WMI debt or equity security with respect to their right to participate in the distribution of funds in the Chapter 11 Cases upon confirmation of a chapter 11 plan or otherwise solely to the extent that such distribution is being made on account of such security and not in any way arising from or related to being a Class Member; or (6) any Class Member's right to participate in the distribution of any funds recovered from any of Defendants by any governmental or regulatory agency. For the avoidance of doubt, notwithstanding the designation of a party as a "Released Party," the Settlement Agreement only operates to release the Released Party from a claim, counterclaim or defense that is a Released Claim.

9.      Defendants and their heirs, executors, administrators, predecessors, successors and assigns of any of them and the other Released Parties, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, other Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement or the transactions required pursuant to the Settlement) (the "Released Defendants' Claims").  The Released Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment and Order of Dismissal with Prejudice.

10.      With respect to any and all Released Claims and Released Defendants' Claims, the parties stipulate and agree that upon the Effective Date, the Lead Plaintiffs and the Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and

by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and all other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

11.     Notwithstanding the provisions of ¶¶ 8, 9 and 10 hereof, (i) in the event that any of the Released Parties asserts against the Lead Plaintiffs, any other Class Member or Plaintiffs' Counsel, any claim that is a Released Defendants' Claim, then Lead Plaintiffs, such Class Member or Plaintiffs' Counsel shall be entitled to use and assert such factual matters included within the Released Claims against such Released Party only in defense of such claim but not for the purposes of affirmatively asserting any claim against any Released Party; and (ii) in the event that any of the Lead Plaintiffs, any other Class Member or Plaintiffs' Counsel asserts against any Released Parties any Released Claims, such Released Parties or  their respective counsel shall be entitled to use and assert such factual matters included within the Released Defendants' Claims against such claimant only in defense of such claim but not for the purposes of affirmatively asserting any claim against any such claimant.

12.     Neither this Final Judgment and Order of Dismissal with Prejudice, the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, shall be:

(a)     offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any Defendant;

(b)     offered or received against any Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c)     offered or received against any Defendant as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any Defendant, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)     construed against Lead Plaintiffs or any of the other Class Members or against any Defendant as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)     construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the other Class Members that any of their claims are without merit, or that any defenses asserted by any Defendant have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 8

13.     The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Settlement Agreement in accordance with its terms and provisions.

14.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15.     Plaintiffs' Counsel are hereby awarded 29% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $879,674.77 in reimbursement of expenses, which amounts shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns.  The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

16.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a)     the Settlement has created a fund of $41.5 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement;

(b)     Over 490,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in an amount not to exceed one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $1,000,000 and only three (3) objections were filed against the

terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c)     Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)     The Action involves complex factual and legal issues and was actively prosecuted over nearly seven years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(f)     Plaintiffs' Counsel have devoted over 18,000 hours, with a lodestar value of $8,900,000 to achieve the Settlement; and

(g)     The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

17.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Final Judgment and Order of Dismissal with Prejudice, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class; provided, however, that the Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of the Bankruptcy Court Approval Order.

18.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

1    FOR THE FOREGOING REASONS, the Court GRANTS Lead Plaintiffs' motion for

2    final approval of class action settlement and plan of allocation of settlement proceeds (Dkt. No.

3    269) and GRANTS Lead Counsel's motion for award of attorneys' fees and reimbursement of

4    expenses (Dkt. No. 270). This action is DISMISSED WITH PREJUDICE.

5

6    DATED this 5th day of June 2012.

7

8

9    _____
     John C. Coughenour
10   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 11

1

2

## EXHIBIT 1

3

### List of Persons and Entities Requesting Exclusion from the Class in *South Ferry LP #2 v. Kerry K. Killinger, et al.*, Case No. C04-1599 JCC

4

5

The following persons and entities have properly requested exclusion from the Class in *South Ferry LP #2 v. Kerry K. Killinger, et al.*, Case No. C04-1599 JCC, and are not members of the Class bound by this Final Judgment and Order of Dismissal with Prejudice:

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| No. | Name | Address |
|---|---|---|
| 1 | Katherine Walker Childs | 12510 NE 94th Street<br>Kirkland, WA 98033-5875 |
| 2 | Ruth E. Bridges | 1827 Thornhill Rd. #107<br>Wesley Chapel, FL 33544 |
| 3 | Charlie Rivera | 12143 Maple Ridge Dr.<br>Parrish, FL 34219 |
| 4 | Denny Sue Johnson | Box 1714<br>Gold Beach, OR 97444 |
| 5 | Lillian N. Mosley<br>R.E. Mosley | 275 County Road 4247<br>DeKalb, TX 75559 |
| 6 | Ernest A. Dahl | 2226 Vista Hogar<br>Newport Beach, CA 92660 |
| 7 | Donald W. Dearment | 500 E. Pitt St.<br>Bedford, PA 15522 |
| 8 | Arthur Nelson | P.O. Box 129<br>Seekonk, MA 02771 |
| 9 | Mary Nake Bond | 7923 Colonel Glenn Rd.<br>Little Rock, AR 72204 |
| 10 | Charles W. Hadley<br>Ethel S. Hadley | 3907 NE 110th St.<br>Seattle, WA 98125 |
| 11 | Earl F. O'Connor | 7343 S. Sherman Dr.<br>Indianapolis, IN 46237 |
| 12 | Abe Price | 158 Lollypop Lane #3<br>Naples, FL 34112-5109 |
| 13 | Jane K. Whitney | 6609 Markstown Drive Apt. B<br>Tampa, FL 33617-9365 |
| 14 | Mark Paper | 700 Twelve Oaks Center Dr. Ste. 711<br>Wayzata, MN 55391 |

| 15 | Edward T. Flotz | 127 Franconian Dr. S.<br>Frankenmuth, MI 48734 |
|---|---|---|
| 16 | Bradley Keding | 15545 Meyer Ave.<br>Allen Park, MI 48101 |
| 17 | Debra A. Langford | 1480 North Meadow Rd.<br>Merrick, NY 11566 |
| 18 | Josephine R Burns | P.O. Box 546<br>El Granada, CA 94108-0546 |
| 19 | Moira L. L. Nichols | 33 Linda Ave. Apt. 2003<br>Oakland, CA 94611 |
| 20 | Richard J. Imbra | 3312 Grandada Ave.<br>San Diego, CA 92104 |
| 21 | Bruce MacLeod | 556 Mill Street Ext.<br>Lancaster, MA 01523 |
| 22 | John Mitchell Campbell Jr. | 16 East Fox Chase Rd.<br>Chester, NJ 07930 |
| 23 | Janet Schultz | 846 Newport Bay Dr.<br>Edwardsville, IL 62025 |
| 24 | Susan Iorns | 16 Ocean Parade<br>Pukerua Bay<br>Porirua 5026 New Zealand |
| 25 | Cordelia F Biddle<br>H. Stephen Zettler | 514 Pine Street<br>Philadelphia, PA 19106 |
| 26 | Lawrence Papola<br>Marie Papola | 191 Atlantic Pl.<br>Hauppauge, NY 11788 |
| 27 | Carl Hunter | 4030 30th Ave. West<br>Seattle, WA 98199-1709 |
| 28 | Steven W. Loring | 91-1040-Puamaeole St. #S<br>Ewa Beach, HI 96706 |
| 29 | Margaret P. Jones | 737 Pinebrook Dr.<br>Virginia Beach, VA 23462 |
| 30 | Bruce Alexander | 10464 SW 118 St.<br>Miami, FL 33176 |
| 31 | Paul Putnam<br>Mona Putnam | 1140 Portola Ave.<br>Escondido, CA 92026-1732 |
| 32 | Douglas Duncan | 679 Flamenco Pl.<br>Davis, CA 95616 |
| 33 | Robert Born<br>Ophelia Born | 8800 Glacier Ave. Apt. 302<br>Texas City, TX 77591-3052 |

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 13

| 34 | John G. Clapp | 12 Sunset Drive Apt. 2<br>Alexandria, VA 22301-2640 |
|----|---------------|----------------------------------------------------|
| 35 | Jacquelyn Clarke | 10465 Dunlop Rd.<br>Delta, BC V4C 2L1, Canada |
| 36 | Bonnie J. Orr<br>Rufus D. Orr | 7536 32nd Ave. NW<br>Seattle, WA 98117-4646 |
| 37 | Charles GaGaig | P.O. Box 7666<br>Northridge, CA 91327 |
| 38 | Don Thorsteinson | 5775 Hampton Place #1006<br>Vancouver, B.C. V6T 2G6 |
| 39 | David P. Yaffe | 10416 Wyton Dr.<br>Los Angeles, CA 90024 |
| 40 | Michelle Jurczak | 325 Kennedy Ave.<br>Toronto, Ontario M6P 3C4 |
| 41 | John G. Hudson | P.O. Box 283<br>Fort Smith, AR 72902 |
| 42 | Carl P. Irwin | 10 White Oak Dr. Apt# 218<br>Exeter, NH 03833-5314 |
| 43 | Margaret K. Oliver<br>Kay Collins | 1002-5614 Balsam St.<br>Vancouver BC V6M 4B7 |
| 44 | John G. Hudson Living Trust | P.O. Box 283<br>Fort Smith, AR 72902 |
| 45 | Rosemary Pacheco | 338 Orchard St.<br>Raynham, MA 02767-9385 |
| 46 | Kathleen Guilfoyle | 214 Northline Rd.<br>Ballston Spa, NY 12020 |

FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT AND AWARDING ATTORNEYS'
FEES AND EXPENSES
PAGE - 14